LOUIS FEINSTEIN and HARRY A. SHERMAN, Copartners Trading under the Firm Name and Style of PAN-AMERICAN WAIST AND DRESS COMPANY, Respondents, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.

First Department, July 11, 1918.

Insurance — burglary insurance — warranties — statements as to rejection of prior applications for insurance — duty of applicant to disclose previous losses.

Statements made by an assured on the acceptance of a policy of burglary insurance as to the rejection of prior applications are strict warranties and a want of knowledge does not relieve the assured.

Hence, an assured is not relieved from the effect of a false warranty, that no application for such insurance had been declined, by the fact that a prior application had been made through another broker to another company and that he had not been advised of the denial of said application at the time he made the warranty.

The mere fact that an applicant for a policy of burglary insurance intended within a few days to take a person into the business does not excuse him from disclosing previous losses sustained by him while doing business under the proposed partnership name.

APPEAL by the defendant, the Massachusetts Bonding and Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 31st day of October, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Joseph L. Prager*, for the appellant.

*Alfred B. Nathan* of counsel [*Henry S. Mansfield*, attorney], for the respondents.

SHEARN, J.:

The policy of burglary insurance upon which the plaintiffs have recovered the judgment appealed from provided that the agreement to indemnify was made in part in consideration of the statements in a schedule embodied in the contract " which statements the Assured makes on the acceptance of this policy and warrants to be true." One of these warranties was that: " No application for such insurance has

been declined, policy cancelled or renewal refused other than is herein stated — None." The policy was issued on February 1, 1917. The uncontradicted evidence established that in January one of the plaintiffs gave the insurance brokerage firm of John D. Wyeth & Co. an order to place burglary insurance on the property in plaintiffs' loft; that the broker placed the application with the Royal Indemnity Company on January 25, 1917; that that company refused to insure the plaintiffs, and wrote a letter to the broker declining the insurance on January 29, 1917. There was no evidence that Wyeth & Co. informed the plaintiffs prior to February 1, 1917, that their application had been refused by the Royal Indemnity Company. The policy in suit was placed with the defendant by another broker. The loss was sustained on February 20, 1917. Thereafter the defendant informed the plaintiffs that it denied liability for breach of warranty and returned to the plaintiffs the full premium, which, however, plaintiffs refused to accept. Neither of the plaintiffs, both of whom were witnesses, denied knowledge of the rejection of their application by the Royal Indemnity Company. The witnesses called by the defendant to establish the prior application and rejection were disinterested and no attempt was made to impeach their testimony.

Plaintiffs seek to avoid the effect of their untrue warranty by reason of its not being shown that they knew that their application had been made to and refused by the Royal Indemnity Company, relying upon *Mouler* v. *American Life Ins. Co.* (111 U. S. 335) and *Ames* v. *Manhattan Life Ins. Co.* (40 App. Div. 465; affd., 167 N. Y. 584). These are cases dealing with life insurance policies which, in distinguishing between a warranty of a fact and a warranty that statements made in answer to questions are true, differentiate between statements of fact of such a nature that affirmation of their truth must be held to be a strict warranty and others of such a nature that on their face they merely import honest representations made truthfully to the best of the affiant's knowledge, information and belief. It has been held by this court (*Wolowitch* v. *National Surety Co.*, 152 App. Div. 14) that, in burglary insurance, which embraces a moral risk, statements as to the rejection of prior applications for insurance are strict

warranties and a want of knowledge does not relieve against the warranty. An attempt is made to distinguish this case from the *Wolowitch* case by the fact that in the latter case the broker, who was fully authorized as the plaintiff's agent, should have disclosed to the defendant what he knew about the prior rejections, he having made such prior applications, while in the case at bar there were two different brokers, and the one who secured the defendant's policy for the plaintiffs was not the one who made the prior application to the Royal Indemnity Company; and, further, upon the fact that in the *Wolowitch* case there was no question but that the broker knew that the other applications had been declined while in the present case it does not actually appear that the broker received the letter of rejection before February first, the date of the issuance of defendant's policy. Neither of these facts affects the holding that the statement is a strict warranty and that lack of knowledge does not relieve against it. Furthermore, in no event would the plaintiffs be entitled to the benefit of any such rule as they contend for, under the facts in this case. They knew that their broker had been instructed to place burglary insurance; when, therefore, without taking the trouble to ascertain whether the application had been rejected, they made a positive statement as of their own knowledge that no application had been made and rejected, they were in the position of persons who, without knowledge, make a statement of fact regardless of whether it is true or false, which is equivalent to making a false statement.

The policy also contained the following warranty: " 8. The Assured has never suffered loss by burglary or theft either at the premises above described or elsewhere nor received indemnity therefor except as herein stated — No."

The fact that one of the plaintiffs had suffered previous loss by burglary, larceny or theft was amply proven by the admission in the proof of loss sworn to on March 19, 1917, wherein plaintiffs stated as follows: " *We* hereby declare that *we* have never before suffered loss or damage by burglary, theft or larceny, nor received indemnity therefor except as follows: One in July, 1916, for which Harry Sherman received $950 from Natl. Surety Co. & another in London, Lancashire Co., not yet adjusted." Respondents claim that this was not a

breach of the warranty because these previous losses were sustained while the plaintiff Sherman was doing business under the name of Pan-American Waist and Dress Company and before the plaintiff Feinstein became a member of the firm. Respondents maintain that Feinstein did not become a member of the firm until January 17, 1917, although it is conceded that Feinstein prepared, fixed up the factory and negotiated for the insurance before that time, and it appears by Feinstein's testimony that they had agreed to become partners as early as the previous November. The defendant was not insuring a corporation but was insuring Feinstein and Sherman who were trading under the name of Pan-American Waist and Dress Company. The insurance, if collected, would go to the plaintiffs as partners trading under that name. Although the evidence clearly indicates that Feinstein was a member of the firm as early as January 1, 1917, when the new firm's books were opened, it is immaterial, under the facts in this case, whether the warranty was made a few days before or a few days after Feinstein joined the firm. Sherman had been doing business under this trade name and had while so engaged in business sustained two previous losses. When the application for this policy was made, running nominally to the Pan-American Waist and Dress Company, the mere fact that Sherman intended within a few days to take a partner into the business would not excuse him from disclosing the previous losses that he had sustained while doing business under the name of Pan-American Waist and Dress Company. As pointed out above, the risk is in a sense a moral risk. It is important for the insurer to know whether the insured has had previous losses, for if numerous they bear upon the insured's carefulness and prudence if not upon his honesty.

There are numerous other errors assigned which, under the circumstances, it is unnecessary to consider.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.