WILFRED J. CURRY, Respondent, *v.* JAMES M. MACKENZIE, Appellant.

**Summary judgment — when order for summary judgment under rule 113 of Civil Practice Act cannot be granted — evidence that a letter, containing statement of account, was mailed only presumptive evidence that letter reached its destination — when silence in regard thereto cannot be considered as assent to an account stated.**

1. Technical defects in the pleading of an adversary are not available to a plaintiff upon an application, under rule 113, Rules of Civil Practice, for the entry of summary judgment. The remedy is to be administered in the furtherance of justice.

2. Where, upon such a motion, it appears that work was done and materials furnished in the construction of a yacht for defendant, for which plaintiff claims payment, and the defendant shows by affidavit that no account was kept of labor and materials used in said construction, a controversy exists that can be composed only by a trial. The fact that the answer alleging part payment is imperfect is not conclusive, since it may be amended before or on the trial.

3. Plaintiff claims that a statement of account was mailed to defendant, who alleges that it was never received. The mailing is only presumptive evidence that the letter reached its destination. Moreover, the parties were then, or shortly after, in litigation over the demand in suit. In such circumstances the defendant's silence cannot reasonably be considered as an expression of assent as to an account stated.

*Curry* v. *Mackenzie,* 208 App. Div. 849, reversed.

(Argued December 2, 1924; decided January 21, 1925.)

APPEAL from a judgment, entered April 5, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice and granted said motion.

*James E. Woods* for appellant. Plaintiff did not prove a cause of action nor show that defendant had no defense. (*General Investment Co.* v. *Interborough Rapid Transit Co.,* 235 N. Y. 133; *Dwan* v. *Massarene,* 199 App. Div. 872; *Norwich Pharmacal Co.* v. *Barrett,* 205 App. Div. 749; *Brooklyn Clothing Corp.* v. *F. P. Fire Ins. Co.,* 205 App. Div. 743; *State Bank* v. *Mackstein,* 205 N. Y. Supp. 290; *Sher* v. *Rodkin,* 198 N. Y. Supp. 597; *Abercrombie & Fitch Co.* v. *Colford,* 204 N. Y. Supp. 209; *S. D. Coal Co.* v. *Interstate C. & D. Co.,* 193 N. Y. Supp. 883; *The Spica,* 289 Fed. Rep. 436; *Henderson* v. *Carbondale C. & C. Co.,* 140 U. S. 25; *C., R. I. & P. R. Co.* v. *Chickasha Nat. Bank,* 174 Fed. Rep. 923; *Moran* v. *Abbott,* 26 App. Div. 570.) Defendant's verified general denial based upon his own knowledge barred the granting of

this motion. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Brooklyn Clothing Co.* v. *F. P. F. Ins. Co.*, 205 App. Div. 745; *Lloyd's Banking Co.* v. *Ogle*, L. R. 1 Ex. Div. 262; *C. E. Bank* v. *Munz*, 202 App. Div. 702; *Peninsular Transp. Co.* v. *G. B. Ins. Co.*, 200 App. Div. 695; *King M. S. Corp.* v. *Allen*, 209 App. Div. 281; *Ritz-Carlton Restaurant & Hotel Co.* v. *Ditmars*, 205 App. Div. 748; *Armleder Motor Truck Co.* v. *Barnes,* 207 App. Div. 764; *Twigg* v. *Twigg*, 117 Misc. Rep. 154; 202 App. Div. 729; *Wilbur-Dolson Silk Co.* v. *Wallach Co.*, 120 Misc. Rep. 340; *Sorensen* v. *East River Savings Inst.*, 119 Misc. Rep. 297; *Palermo* v. *Northwestern Nat. Ins. Co.*, 201 N. Y. Supp. 106.) Defendant by his answer and his affidavit raised honest issues of fact which should be tried by a jury. (*General Investment Co.* v. *I. R. T. Co.*, 235 N. Y. 133; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Voris* v. *Schmaling*, 185 App. Div. 773; *Kellogg* v. *Freeland*, 195 N. Y. Supp. 912.)

*Walter B. Hall* for respondent. No issue of fact which entitled defendant to a trial was raised by the answer. (*Hanna* v. *Mitchell*, 202 App. Div. 504; 235 N. Y. 534; *General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Hongkong* v. *Lazard,* 207 App. Div. 174; *De Simone* v. *Transportes*, 199 App. Div. 602; *Oneida Bank* v. *Bonney*, 101 N. Y. 173; *Gordon* v. *Guilfoil,* 99 U. S. 168; *Rosenstock* v. *Dessar*, 85 App. Div. 501; *Commercial* v. *Woodward*, 198 App. Div. 769; *Conkling* v. *Weatherwax*, 181 N. Y. 258.)

CARDOZO, J. Civil Practice Rule 113 permits summary judgment at times in favor of a plaintiff though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to

satisfy the court "by affidavit or other proof" that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133.)

Plaintiff's complaint is in two causes of action, each growing out of the same transaction, though framed as a separate count.

The first cause of action is for work done for the defendant and materials supplied to him by plaintiff's assignor, the Jersey City Dry Dock Company, between August 9, 1921, and September 13, 1922, in the construction of a gasoline yacht at his special instance and request. The reasonable and agreed value of the labor and materials is stated to be $3,277.88. The second cause of action is upon an account stated, which is said to have resulted from the retention by the defendant, without objection or correction, of an account current and bill of items. The defendant's answer is in substance a general denial.

Upon this motion for summary judgment, the plaintiff has submitted the affidavit of one Kolb, the secretary and treasurer of plaintiff's assignor. In support of the first cause of action the affiant states that the defendant was formerly the president of the Jersey City Dry Dock Company, and that while he was president, the company built a gasoline yacht for him at its plant in Jersey City. Annexed to the affidavit is a list of the material used in the construction of this yacht, and of the labor there employed. The affiant states that he has carefully checked off the list, which gives no dates, though it does give quantities and values, and that the items there enumerated are the items actually paid. The defendant states in an opposing affidavit that the building of the

·yacht " was acquiesced in and consented to by the other officers and stockholders of the Jersey City Dry Dock Company; " that " your deponent was allowed to proceed with the same; " and that " no account was kept of labor and material used in said construction." He says that on or about May 1, 1922, he ceased to be general manager, though remaining president, and was thereupon informed that " any further work on the yacht would have to be paid for by him," and that he did pay from that time.

We find here a controversy that can be composed only by a trial. The cost or value of what was done is an issue yet to be determined. If " no account was kept of material and labor used," the inference must follow that the list appended to the moving affidavit is either a fabrication altogether or at best an uncertain estimate. There is no attempt to identify its total with the reasonable value, except to the extent that such identity may be gathered from the statement that it is the amount actually paid. The statement that it was paid, and paid for the defendant's yacht, goes back, however, for its support to the statement that the items making up the total are the items of this account, and rejection of the one would carry with it as a consequence the rejection of the other. Failure to keep an account, an omission that would often be suspicious or unnatural, takes on another aspect when we recall that in the defendant's thought and expectation the service was to be gratuitous. What he says in his affidavit as to the consent and acquiescence of the stockholders and officers may be too general and vague, unless supplemented by other proof, to rebut the implication of a promise that payment would be made for benefits conferred upon request. It has a ·value, none the less, as an explanation of his conduct and a revelation of his state· of mind. Thus viewed, the absence of a record is seen to be the product of a belief, whether legitimate or illegitimate, that the trans-

action was a gift. We cannot say on such a showing that authenticity and accuracy have been so conclusively established that a trial will be a useless form.

The defendant's affidavit discloses a defense also of part payment, in that he paid for the later services after he was no longer general manager. His answer in that regard is, it is true, defective, for payment should have been stated as a defense, partial, if not complete, and is not to be proved under a denial. The facts, however, have now been shown, and the answer, though imperfect, may be amended at the trial or sooner. Technical defects in the pleading of an adversary are not available to a plaintiff upon an application under this rule for the entry of summary judgment. The application is defeated if the defendant " shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend " (Rule 113). The remedy is to be administered in furtherance of justice (*Lynde* v. *Waithman*, [1895] 2 Q. B. 180, 184; *Jones* v. *Stone*, [1894] A. C. 122, 124; *Wallingford* v. *Mutual Society*, 5 App. Cas. 685, 704).

There remains the second cause of action, based, as we have seen, upon the statement of an account. The plaintiff offers little in aid of this branch of his complaint. There is an affidavit by the secretary and treasurer that a copy of the bill of items was mailed to the defendant on January 22, 1923, by deposit in a post-office box, and that no objection to any of the items has been made. The evidence of mailing does no more than create a presumption that the letter reached its destination. Against it, we have the defendant's denial in his answer that the statement was received. At that time, moreover, or within a few days thereafter, the parties were already in litigation, though in a different forum, with reference to the demand in suit. In such circumstances, the defendant's silence, when the bill reached him through the mails, could not reasonably be interpreted by the sender as an expression of assent (*Spellman* v. *Muehlfeld*,

166 N. Y. 245). The lines of battle had been drawn, and the contest had begun.

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., McLAUGHLIN and LEHMAN, JJ., concur; POUND, CRANE and ANDREWS, JJ., dissent.

Judgment reversed, etc.