George A. Evalenko, Plaintiff, *v.* Robert M. Catts, Defendant.

Supreme Court, New York County, April 11, 1925.

**Judgments — summary judgment — action on promissory note — defense and counterclaim predicated on alleged advances made on behalf of plaintiff are sham and frivolous — papers on motion for summary judgment show that no advances were made by defendant — no issue raised by defense and counterclaim — summary judgment granted.**

Plaintiff is entitled to summary judgment in an action upon a promissory note, the execution and delivery of which defendant admits, notwithstanding that a counterclaim in defendant's answer is predicated upon an alleged agreement made between the parties subsequent to the date of the said note whereby defendant claims he made certain advances at plaintiff's request, where, upon the face of defendant's motion papers, it is clear that the defense and counterclaim are sham and frivolous and interposed solely for the purpose of delay.

If an indebtedness exists, it is owing from a corporation in which plaintiff is financially interested to a corporation in which the defendant is similarly interested and not from the plaintiff to the defendant individually. Moreover, defendant's failure to deny that he actually made payments on account of said note is repugnant to the defense interposed which creates no issue requiring a trial.

Motion for summary judgment by plaintiff under rule 113 of the Rules of Civil Practice in an action on a promissory note.

*Gordon, Tally & Gordon* [*Reuben Tally* of counsel], for the plaintiff.

*Davis, Wagner, Heater & Holton* [*Charles R. Coulter* of counsel], for the defendant.

Levy, J.:

The action is brought on a promissory note for the sum of $50,000, the only one of a series remaining unpaid and which was dated the 26th day of June, 1922, payable one year thereafter, and made and delivered by the defendant to the plaintiff. The answer admits the execution and delivery but sets up as an affirmative defense payment of the note and also a counterclaim based on an agreement alleged to have been made between the parties subsequent to the date of the said note whereby it is claimed that the defendant paid or caused to be paid at the special instance and request of the plaintiff the sum of $232,237.07, leaving a balance due the defendant, after deducting the amount of the note, of $127,006.37, for which an affirmative judgment is demanded. This defense seems to me to be purely sham and frivolous and interposed solely for the purpose of delay, and is squarely contradicted by the documents submitted in support of this motion.

The defendant in his bill of particulars of the counterclaim

states: " Payments made or procured to be made by the defendant for the account and at the request of the plaintiff, in connection with the 45th & 46th Street Corporation and the D. E. C. Realty Co. by Merchants & Manufacturers Exchange of New York, were charged to account of Robert M. Catts." It thus appears that the advances made were for the benefit of the 45th & 46th Street Corporation and the D. E. C. Realty Corporation, one-third stock of the former of which was owned by the plaintiff and one-third by the defendant, and one-half of the stock of the latter of which was owned by plaintiff and the other half by defendant. The premises 11–17 East Forty-fifth street, which were owned by the 45th & 46th Street Corporation, were contracted to be sold on January 30, 1924, and such contract and all the rights and interests of said corporation thereunder were assigned to the Merchants and Manufacturers Exchange under an agreement bearing date February 6, 1924. It recites that the transfer of the assets aforementioned were made as collateral security for the indebtedness due from the 45th & 46th Street Corporation to the said Merchants and Manufacturers Exchange. This indebtedness was created by the very advances which the defendant sets up in his bill of particulars as constituting the amount due him. It is significant to note that although the defendant claims that his agreement with the plaintiff was made in August or September of 1923, he, as president of the Merchants and Manufacturers Exchange, acknowledged in writing in the aforementioned agreement entered into between the 45th & 46th Street Corporation and the Merchants and Manufacturers Exchange that the aforesaid assignment of the contract of sale, dated January 30, 1924, was in reality intended to be and was an assignment made by the 45th & 46th Street Corporation to the Merchants and Manufacturers Exchange " as collateral security for certain indebtedness either already accrued or hereafter to accrue, owing by the first party (45th & 46th Street Corporation) to the second party (Merchants & Manufacturers Exchange)." There is nothing to show that the defendant has advanced any money on behalf of either the 45th & 46th Street Corporation or himself. The indebtedness, if one still exists, is owing from the 45th & 46th Street Corporation to the Merchants and Manufacturers Exchange, and the claim, if any, is by the latter and not by the defendant. Yet, for the purpose of presenting a seeming issue, he attempts to create an obligation from the plaintiff to himself for the identical moneys owing by the corporations mentioned to the Merchants and Manufacturers Exchange.

Furthermore, there is **no** proof that the defendant made any

advances at the request of the plaintiff. On the contrary, the documentary evidence submitted proves the falsity of the defendant's claim. In fact, he is not certain as to what his position is and unquestionably presents certain inconsistencies. In his bill of particulars he urges that the advances made by the Merchants and Manufacturers Exchange of New York were charged to his account and yet in his answering affidavit he states that they were made upon his personal guaranty. Further on he intimates that the plaintiff became liable to him by reason of the former's interest in both companies. These irreconcilable situations are certainly unconvincing, and are but indicative of the defendant's endeavor to create an issue.

Moreover, on the 10th day of June, 1924, almost a year after the agreement set forth in defendant's counterclaim was alleged to have been made and at a time when practically all the moneys had been advanced by the Merchants and Manufacturers Exchange, the defendant paid the plaintiff the sum of $5,000 and subsequently a further sum of $20,000, both on account of the notes then remaining unpaid, and the defendant in his affidavit does not even venture to deny that these payments were actually so made. These facts are not only not consonant with the defense we are considering, but entirely repugnant thereto. The issue thus sought to be presented is not genuine but feigned. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Gen. Investment Co.* v. *Interborough R. T. Co.*, 235 id. 133.) There has been a complete failure on the part of the defendant to satisfy this court by affidavit or other proof that there is any issue requiring a trial. Therefore, the motion for summary judgment must be granted, with ten dollars costs. The promissory note sued upon and marked in evidence is directed to be deposited with the county clerk pursuant to rule 3 of the Special Term Rules. Settle order on two days' notice.