URIDGE W. FORD, Plaintiff, *v.* THOMAS F. REILLEY, Defendant.

Supreme Court, Nassau County, June 8, 1926.

Judgments — summary judgment — action on promissory note — answer
on information and belief —affidavits show lack of privity of contract
between parties and possible defenses to plaintiff's claim — answer
defective in not properly pleading defenses — summary judgment under
Rules of Civil Practice, rule 113, denied, although answer is defective.

In an action upon a promissory note, which the defendant had given to a third
party, who still holds it, plaintiff is not entitled to summary judgment, although
the answer denies the allegations of the complaint upon information and belief,
where it appears from the plaintiff's affidavit that there is no privity of contract
between the parties and from the affidavit of the defendant that there is a
want of consideration, and that the plaintiff, contrary to defendant's express
direction, inserted his own name in the note as payee instead of the name of
the person to whom the defendant gave the note.

Although the answer is defective in not properly pleading the defenses, technical
defects in pleading are not available to the moving party upon an application
for summary judgment made under rule 113 of the Rules of Civil Practice.

MOTION for summary judgment under rule 113 of the Rules of
Civil Practice.

*Allen Caruthers*, for the plaintiff.

*Thomas F. Reilley*, defendant in person.

HAGARTY, J. This is an action upon a promissory note for
$2,000. The defendant, who is not a lawyer and appears in person,
in his answer denies having any knowledge or information sufficient
to form a belief as to the allegations of the complaint. It is the
general rule that such an answer by an individual in this kind
of a case is insufficient, and the answer would be stricken out and
judgment entered in favor of the plaintiff were it not for the facts
disclosed by the affidavits submitted both by the plaintiff and
the defendant. From the affidavit submitted by the plaintiff, it
appears that the person to whom the defendant is indebted is one
Bonita Crowe, to whom defendant had previously given his promis-
sory note and who still holds it. Bonita Crowe's claim was never
assigned to the plaintiff, and there was no privity of contract what-
soever growing out of the relations between the plaintiff and the
defendant. From the affidavit submitted by the defendant, it
appears that, in addition to want of consideration, defendant has
a further possible defense to the effect that the plaintiff, wrongfully
and contrary to the express direction of the defendant, inserted his
own name in the note as payee instead of the name of Bonita Crowe.
Both of the defenses could be set up in an amended answer.

Although the answer is defective in not properly pleading defenses, " technical defects in the pleading of an adversary are not available to a plaintiff upon an application under this rule [Rule 113] for the entry of summary judgment." (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272.) The answer may be amended, possibly at the trial, but certainly at Special Term, before trial. The motion for summary judgment is denied.