ROBERT P. JUSTRY, Plaintiff, *v.* NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.

City Court of New York, Kings County, February 22, 1934.

*Edelstein & Levine*, for the plaintiff.

*Abraham J. Goldberg*, for the defendant.

GOLDSTEIN, J. In this action on the defendant's policy of burglary insurance, the defendant moves for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice, as recently amended. The automobile in question was stolen from the plaintiff on June 5, 1933. It was found shortly thereafter in a completely demolished condition. In his contract of insurance the plaintiff warranted, not merely represented, that the automobile was new when he purchased it in December, 1930, and that he had paid the sum of $4,250 for it. In the proof of loss filed by him with the defendant, he made warranties identical with those he had previously made in his contract of insurance. These warranties were obviously material. Yet from the papers before me it appears conclusively that the plaintiff purchased the automobile for $1,650 in February, 1931, and that it was not new at all, but had already been used considerably. In my opinion, no more evidence of any importance could be adduced by either party upon a trial of this action. I am not unmindful of the

fact that the law calls for a denial of such a motion where a real issue of fact exists. (Rules Civ. Prac. rule 113; *Curry* v. *MacKenzie*, 239 N. Y. 267.) Here, however, the facts are plain enough and, in my opinion, but one conclusion can be reached and that is that the plaintiff breached warranties that he had made in his insurance contract. The law in such a case is well settled. Although in life insurance contracts warranties are treated merely as representations (Insurance Law, § 58), that is not true of a policy of burglary insurance such as is involved in this case. Under the circumstances disclosed here, the admitted breaches of warranty preclude a recovery by the plaintiff. (*Rutstein* v. *United States Fire Ins. Co. of New York*, 251 N. Y. 536; *Feinstein* v. *Massachusetts Bonding & Ins. Co.*, 184 App. Div. 233; affd., 230 N. Y. 621; *Wolowitch* v. *Nat. Surety Co.*, 152 App. Div. 14.) The defendant, upon tendering the premium to the attorney for the plaintiff, may enter judgment for the defendant dismissing the complaint, with costs.