VIDA SOUHAMI, Plaintiff, *v.* PRUDENCE-BONDS CORPORATION and Another, Defendants.

City Court of New York, New York County, February 27, 1934.

*Edmund Souhami*, for the plaintiff.

*Louis S. Posner*, for the defendants.

WENDEL, J.   This action, as against the defendant The Prudence Company, Inc., is based upon a guaranty of a first mortgage participating certificate.

If the interest due under the certificate had been paid, this action could not now be maintained against that defendant, inasmuch as chapter 793 of the Laws of 1933, reciting a state of emergency terminating on July 1, 1934, provides in part as follows: " No action shall be maintainable or judgment be entered during such emergency upon any guaranty of payment of any share or part of any bond and/or mortgage or group of bonds and/or mortgages represented by a certificate, bond, debenture or other instrument, nor upon any note, bond, debenture or other instrument being part of a series issued against, or secured by the deposit of a bond and/or mortgage or a group of bonds and/or mortgages so long as interest at the rate prescribed shall be paid upon any such certificate, note, bond, debenture or other instrument."

That provision is undoubtedly constitutional.   As was said in *Moses* v. *Guaranteed Mortgage Company* (239 App. Div. 703):* " No one would quarrel with the right of the Legislature to suspend the payment of principal on mortgages such as are involved in this case for a definite period of time."

* Revd., 264 N. Y. 476.

The statute in question is available to the defendant upon this motion, even though not pleaded in the answer. (*Curry* v. *Mackenzie*, 239 N. Y. 267.)

However, at the time this action was instituted there was interest due upon the certificate in suit, which interest then was and still remains unpaid. Defendant The Prudence Company, Inc., asserts that it was prevented through no fault of its own from paying this interest, which matured October 1, 1933; that it was unable to pay it because of the banking regulations then in force and issued pursuant to chapter 41 of the Laws of 1933, which statute the Appellate Division, First Department, on January 12, 1934, held to be unconstitutional (*Moses* v. *Guaranteed Mortgage Company, supra*).

Accordingly, the motion for summary judgment against defendant The Prudence Company, Inc., will be denied upon condition that within five days from the entry of an order the said defendant pay to the plaintiff the interest due on the certificate and unpaid at the time of the commencement of this action, together with legal interest on all such unpaid interest from its due date of payment, and ten dollars costs of this motion.

The motion, as against the defendant Prudence Bonds Corporation, is denied.

Settle order.