### HOFF v. ST. PAUL–MERCURY INDEMNITY CO. OF ST. PAUL. *

District Court, S. D. New York.

Sept. 13, 1934.

N. Levan Haver, of Kingston, N. Y., for plaintiff.

Plaut & Davis, of New York City, for defendant.

HULBERT, District Judge.

Motion to strike out defendant's answer and grant summary judgment for relief demanded in the complaint.

*Judgment reversed 74 F.(2d) 689.

The test has been well stated by Judge Cardozo in Curry v. Mackenzie, 239 N. Y. 267, at pages 269 and 270, 146 N. E. 375: "Civil practice rule 113 permits summary judgment at times in favor of a plaintiff, though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court 'by affidavit or other proof' that there is any basis for his denial or any truth in his defense. The case must take the usual course, if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried."

Plaintiff brought an action in the New York Supreme Court, Ulster county, against Philip Basso and Angelina Basso, his wife, to recover damages for personal injuries claimed to have been sustained as a result of a collision of two automobiles, one of which was owned by or registered in the name of Mrs. Basso.

Prior to said accident, the defendant had issued to Mr. and Mrs. Basso, an indemnity policy of insurance (No. 33317) covering them against loss from liability to the extent of $5,000 one person, and pursuant to said policy the defendant herein retained counsel and undertook to defend said action.

When said action came on for trial at Kingston, N. Y., in June, 1933, an affidavit was presented by defendant's attorneys stating that Angelina Basso was in Europe and not available as a witness, and setting forth a statement of the facts concerning which she would testify to. The case was thereupon adjourned to the October term, and when reached both defendants Basso, who resided in New York City, were present. A settlement of the case was tentatively made for the sum of $2,500, subject to the approval of the compensation carrier of the plaintiff and the driver of the car in which he was a passenger, and counsel for the defendants notified Mr. Basso that he "could go and complete their trip as the actions had been settled."

Meanwhile, domestic difficulties had arisen in the Basso household resulting in a divorce. Mr. Basso, it is claimed, went to Europe.

Plaintiff's attorney not having been able to procure the approval of the compensa-

tion carrier, the settlement was not consummated, the case was restored to the calendar for trial at the December, 1933, term, and the defendant notified on December 2.

On December 9, 1933, Raymond Rebecchi, an investigator and process server employed by the defendant herein who had been engaged in the investigation and preparation for, and procured the attendance of, the Bassos at the trial in October, made an affidavit upon which to base an application to have the case when reached in December adjourned to the March, 1934, term, and set forth that: "Subpoenas were prepared and your deponent made efforts to locate the defendants, Angelina and Philip Basso, at their last known address, to wit, 145 Park Row, New York City, and 58 East 1st Street, New York City; that he was informed that they are not in town, more specifically, that Philip Basso was in Europe and Angelina Basso was wintering in the South and that their return is not expected until sometime in March of 1934."

The case of Hoff v. Basso appeared on the Trial Term day calendar on December 18, 19, and 20, 1933.

In an affidavit submitted on this motion verified August 17, 1934, Rebecchi avers that in December, 1933, he continued his efforts to locate Basso, not being satisfied with the explanation that he was away. "Finally," he said, "on December 18, 1933, when I called at No. 145 Park Row, I spoke to a man who conducts a little key repair business in front of those premises. While I was talking to him Basso appeared."

Rebecchi does not claim to have served Basso with one of the prepared subpoenas, although the case was on the calendar that very day for trial. According to a transcript of the minutes of the court proceedings on that very afternoon, defendant's attorney had his clients called in court, and, obtaining no response, the case was marked ready, but not reached. On the following day, upon the call of the calendar at both the morning and afternoon session, the names of Philip and Angelina Basso were called in open court by the clerk and in the hall by a court attendant without response, and the case marked ready, but not reached. The same procedure was followed on Wednesday, December 20, 1933, with like result, whereupon the court permitted the defendants' attorney to withdraw and an inquest was had upon which the plaintiff entered judgment in said action on December 22, 1933, for $10,136.20, and thereupon brought this action upon said

policy of indemnity under the provisions of section 109 of the Insurance Law of the State of New York (Consol. Laws N. Y. c. 28).

It is conceded that, except for said statute, the plaintiff could not maintain this action, and the defendant, of course, is entitled to plead against the plaintiff any defense which it would have against the insured.

The defendant alleges that the Bassos failed to comply with the following provision of the policy: "5. Whenever requested by the Company, the assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlements and in defending suits hereinbefore referred to. The Assured shall at all times render to the Company all reasonable co-operation and assistance." And also alleges that the Bassos "refused and neglected to secure material information, evidence and the attendance of witnesses in defending the suit brought by the plaintiff herein," and "failed, refused and neglected to render to the defendant reasonable cooperation and assistance in defending the said suit, and they failed, neglected and refused to attend at the trial and appear as witnesses at the trial of said suit, although they were material witnesses in the defense of the said suit."

It will be assumed that the testimony of the Bassos would have been material, as they were eyewitnesses of the collision; the defendant knew what they could testify to, for its representative was engaged for about two hours in taking their statements immediately after the accident. It cannot be seriously contended that the Bassos did not give full co-operation up to the time that the case was called for trial in October, 1933. Basso was given money to go to Kingston, and he stated that Mrs. Basso could be located in New Jersey where Rebecchi interviewed her and gave her money for her railroad fare, and they were present and advised the case was settled, and told they could go their way.

Rebecchi further avers that on December 18th Basso "came up to me and demanded to know what I was doing there. I told him that the cases were about to be tried and Basso then told me that he positively would not appear on this case for us or anyone and that he would not do so even for $1000. I inquired about Mrs. Basso, because Basso had previously told me that they had been divorced and were not living together. (This must have been before the attempted settlement). Basso said that he was not acquainted with where she was and could not help me locate her. I again asked whether

he would attend the trial of the action and offered to advance him his fare, and did actually tender him sufficient money, but Basso refused to take this from me and stated he would not change his attitude and under no consideration would he attend the trial. I told him exactly when the case would be reached for trial, but he insisted in his attitude that he would not attend at the trial."

At the time the foregoing affidavit was made, plaintiff's attorney appears to have had in his possession an affidavit verified by Basso July 24, 1934, and objection is made that it was not served with the notice of motion dated August 10, 1934.

Basso alleges:

That he and his wife readily agreed to attend the trial at Kingston in October, 1933, as "Rebecchi gave me my transportation in advance and promised to pay all of my expenses while there. I stayed in Kingston two days and one night at the request of Mr. Rebecchi and Mr. Brinnier who was attorney for me and the St. Paul Mercury Indemnity Co. who hired Mr. Brinnier. I understood when I left Kingston that the case had been settled. I was paid my hotel expense, that is for the room, by Mr. Brinnier, but the Insurance Company never paid for my meals or any other expenses while I was at Kingston.

"Again in December 1933 Rebecchi came to see me and said 'that case is going to be reached in Kingston again in a few days.' I asked about the expenses for the last time I was up in October and Rebecchi said 'we will straighten all that out after the trial.' I refused to go unless I was paid my expenses in advance and Rebecchi left without tendering me any money to go to Kingston with and I had no money to make the trip at the time. I was never subpoenaed at any time to attend the trial. Before Rebecchi left me I gave him the address of my former wife, Angelina, the correct address. I was willing at all times to cooperate with Rebecchi and my insurance company but without the necessary funds which they did not offer me I was unable to make the trip. My wife and I were divorced after the accident but before the time of the trial."

The conclusion is irresistible that in submitting the affidavit verified by Rebecchi, December 9th, the primary object and purpose was to secure a postponement of the trial until March, 1934, if possible. Perhaps Rebecchi did not "doubt" that Basso was in Europe until plaintiff's attorney submitted to the court on December 14th an affidavit showing an investigation by Philip H. White on December 11 of the statements of Rebecchi in his affidavit of December 9th. Then Rebecchi had a chance meeting with Basso and could have and did not serve a subpœna, previously prepared for that very purpose. Had he done so, and Basso failed to obey it, there would have been substantial reason for a postponement or the defendant would at least have had that evidence of its good faith. Has the defendant shown proof of reasonable diligence on its own part to secure the co-operation of the Bassos since October, 1933? I do not think so.

However, since plaintiff sues on a judgment in excess of the defendant's liability under the policy, the motion will be granted upon condition that plaintiff's attorney, within ten days, serves upon the defendant's attorney a stipulation signed and acknowledged by the plaintiff, consenting to enter judgment for $5,000, with interest from December 22, 1933, together with the costs and disbursements of this action; otherwise, said motion will be deemed to have been denied.