JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* MARY A. COX, as Executrix, etc., of THOMAS COX, Deceased, Defendant.

JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ARTHUR KILLIAN, Defendant.

JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* CHARLES J. ELDERFIELD, Defendant.

Supreme Court, Niagara County, June 12, 1937.

*Francis T. Findlay,* for the plaintiff.

*Killian & Knowles,* for the defendants Cox and Killian.

*Tuttle, Rice & Stockwell,* for the defendant Elderfield.

HINKLEY, J. Motions have been made to strike out the answers and for summary judgment in favor of the plaintiff in each of the above-entitled actions. Motion has been made by defendant Elderfield for a dismissal of the complaint in the action brought against him.

The plaintiff claims that each of these defendants is a cosigner with one Leonard Bevilacqua of an agreement. Plaintiff claims that the agreement was given in order that the East Side Bank of Niagara Falls, of which these defendants and Bevilacqua were stockholders, might continue to function as a bank. Plaintiff

claims that the questions presented upon these motions were fully, completely and finally settled by the decision of the Court of Appeals in an action brought against Bevilacqua (*White* v. *Bevilacqua,* 273 N. Y. 282).

The main distinction between the case of *White* v. *Bevilacqua* and these cases is that in that case the appeal was from a judgment after a trial in Equity Term. There the trial justice in Equity Term made findings of fact and conclusions of law based upon stipulated facts. Here the plaintiff seeks, by affidavit, not of the plaintiff but made by his attorney, and without a trial, to establish facts identical with the facts stipulated and found by the trial justice in the *Bevilacqua* case. Surely no situation is presented upon these motions which calls for the drastic remedy of striking out the answers of defendants and for summary judgment based upon the affidavit presented. On the contrary, these defendants should be given their day in court. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Barrett* v. *Jacobs,* 255 id. 520, 521.)

Counsel argue with great force as to the exact meaning of the opinion of Judge LEHMAN in the *Bevilacqua* case, and quote extensively therefrom in support of their various contentions.

There is presented in one of these cases a new claim of offset as a creditor under the language of the agreement that "any deficiency arising by reason of the application of said securities or cash to the payment of said depositors shall be repaid to the parties hereto by said East Side Bank out of any funds of said East Side Bank remaining after said depositors have been paid in full." That phrase has never received judicial construction and the word "deficiency" is evidently a misnomer. No court should be required to pass upon the interesting questions of law and fact presented by these actions and their relation to the decision and opinion in the *Bevilacqua* case without a solid foundation of facts established by witnesses who speak with knowledge.

Motions to strike out answers and for summary judgment denied in each of the above-entitled actions.

Motion to substitute William R. White as Superintendent of Banks as plaintiff in each action is granted.

Motion to dismiss complaint in the action against Charles J. Elderfield is denied.