JACOB HABERMAN, Respondent, v. M. MORAN TRANSPORTATION LINES, INC., and CLIFFORD W. WOODARD, Appellants.— Same decision and like cause of action as in companion case last above. All concur. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

WESTERN NEW YORK MILK PRODUCERS CO-OPERATIVE ASSOCIATION, INC., Respondent, v. ISADORE EISENSTEIN, Appellant.— Judgment and order affirmed, with costs. Memorandum: We find no errors of law. The record presents only questions of fact and the jury's verdict is justified. All concur. (The judgment is for plaintiff in an action to recover purchase price of merchandise. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

HARRY FINGOLD, Respondent, v. THE PROTECTIVE INDEMNITY COMPANY OF NEW YORK, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff alleges full compliance with the provisions of the policy. The policy provides that, upon the occurrence of an accident, a written notice containing in substance the particulars of the accident, the identity of the insured and his address, the name and address of the injured party and of any available witnesses shall be given by or on behalf of the insured to the company or to any of its authorized agents " as soon as practicable." The plaintiff claims that he mailed such written notices to an authorized agent of the company a few days following the accidents in question. There is proof on behalf of the defendant that the agent referred to by the plaintiff never received such notices and there is proof on a statement signed by the plaintiff that he never served any written notice on the company or on any of its authorized agents relative to the accident of February 22, 1937. A question of fact as to whether the plaintiff had complied with the provision of the policy in respect to giving notice was thus presented. (*Curry* v. *MacKenzie*, 239 N. Y. 267, 272.) The defendant requested that this issue be submitted to the jury. It was reversible error, under the circumstances, to direct a verdict for the plaintiff. All concur. (The judgment is for plaintiff in an action under an automobile liability insurance policy.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

GEORGE PIERCE, Appellant, v. BERT C. HAGGETT, Doing Business under the Firm Name and Style of CITY CAB COMPANY, Alias CITY TAXI LINE, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order sets aside the verdict of a jury in favor of plaintiff and grants a new trial in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.