Apart from this, the petitioner, at the time of sentence, asked for and was denied a one-year sentence. The request was predicated on the same and, indeed, the only theory that bottoms the contentions and the arguments advanced at Special Term and in this court. Thus, any alleged error in the sentence appears in the record. The defendant had the right to question the legality of the sentence by way of appeal. (Code Crim. Pro., § 517; see *People* v. *Tower*, 308 N. Y. 123.) He did not avail himself of that right. There being no issue as to jurisdiction of the subject matter and the person, any review of the sentence should be made only by the appropriate appellate tribunal. (*Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *People ex rel. Standik* v. *Ashworth, supra.*) In this posture, the remedy of the writ of habeas corpus is not available to the petitioner. (Civ. Prac. Act, § 1231.)

The order appealed from should be affirmed.

Botein, J. P., Frank, Valente, McNally and Bastow, JJ., concur.

Order unanimously affirmed. [5 Misc 2d 133.]

■ KURT P. HELLMUTH, Appellant, v. CHARLES I. BRANDIN, Respondent. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, McNally and Bergan, JJ.

■ KURT P. HELLMUTH, Appellant-Respondent, v. CHARLES I. BRANDIN, Respondent-Appellant. — Having decided to affirm the order denying plaintiff's motion for summary judgment in the companion case between the same parties (3 A D 2d 997) in which the same counterclaim was interposed, we turn to the consistency of that order with the order now before us which granted a conditioned summary judgment. This order strikes out the counterclaim and answer with leave to replead; and it grants judgment for the amount sought in the complaint, but defers entry of the judgment until after determination of whatever issues are to be presented by the amended answer which the court permitted to be served. It is inferrable that the Special Term was of opinion that, although the decision on the first motion for summary judgment was a binding determination to the effect that triable issues were raised by the counterclaim and defendant's affidavits in its support, it was still open to determine on the present motion that the counterclaim should be dismissed as insufficient as a matter of law. Although the motion now before us was also made by plaintiff in pursuance of rules 113 and 114 of the Rules of Civil Practice, and the court was of opinion the defendant's affidavits themselves disclosed a legally sufficient counterclaim and a triable issue, it decided the affidavits would not save the legally insufficient counterclaim as pleaded. The test on summary judgment is whether the affidavits show a good defense (*Curry* v. *MacKenzie*, 239 N. Y. 267) and where, as here, the counterclaim as sustained by affidavits exceeds the demand in the complaint, the preferred practice is to deny the motion based on the complaint rather than grant it and defer entry (*Plaut* v. *Plaut*, 255 App. Div. 375). Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the defendant-appellant-respondent, and the motion for summary judgment is, in all respects, denied. Concur — Botein, J. P., Rabin, Frank, McNally and Bergan, JJ.

■ B. W. DYER & Co., Appellant, v. MONITZ, WALLACK & COLODNEY, Respondent, et al., Defendant. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ.