■  MICHAEL BARRETT, Appellant, v. TURNER & BLANCHARD, INC., Respondent.— In an action to recover damages for personal · injuries, the appeal is (1) from an order entered May 6, 1958 granting respondent's motion to set aside the verdict for $22,500 in favor of appellant and for a new trial, on the ground that the verdict was excessive, unless appellant within a stated time stipulated to reduce the amount of the verdict to $10,000, and (2) from so much of an order entered June 5, 1958 which (a) on reargument adhered to the original decision granting respondent's motion, (b) denied appellant's motion to revise the order entered May 6, 1958 so as to limit such new trial to the issue of damages only, and (c) extended appellant's time in which to stipulate to reduce the verdict until 10 days after service of a copy of the order to be entered thereon, as denied the motion to revise the order. Appeal from order entered May 6, 1958 dismissed, without costs. (*Graffeo* v. *Graffeo*, 7 A D 2d 741.) Order entered June 5, 1958 insofar as appealed from unanimously affirmed, with costs (see Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 192–204). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■  CARDINAL LUMBER CO., INC., Respondent, v. LINCOLN PARK BUILDERS SUPPLY, INC., Appellant.— In an action to recover a balance due for goods sold and delivered, and for other relief, the appeal is (1) from an order granting respondent's motion for partial summary judgment, and denying appellant's cross motion for partial summary judgment, and (2) from the judgment entered thereon. Order modified by striking therefrom the ordering paragraphs and by substituting therefor the following: " ORDERED, that the plaintiff's motion and the defendant's cross motion be and the same hereby are in all respects denied." As so modified, order unanimously affirmed, without costs, and judgment vacated. In our opinion, the record discloses issues of fact which should not have been decided summarily on motion. If it be assumed that the affidavit of appellant's president in answer to respondent's motion attempted to assert a defense of accord and satisfaction, appellant was not precluded from asserting that defense in opposition to the motion because it had not been pleaded (cf. *Curry* v. *Mackenzie*, 239 N. Y. 267). Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.