Henderson W. Morrison, J.
The plaintiff, a California corporation, moves for summary judgment in an action for goods sold and delivered consisting of a total of 71 cases of Amphora pipe tobacco ordered by the defendant at plaintiff’s office in California for the total agreed price of $3,663.60. In answer to the complaint, the defendant has simply interposed a “ general ” denial.
The defendant’s affidavits in opposition to plaintiff’s motion do not deny the ordering and the receipt of the goods or the nonpayment therefor. The sole basis of opposition to the granting of this motion is the defendant’s contention that there is a possible secondary dispute between the parties. It appears that the plaintiff claims to have an exclusive franchise with the manufacturer of Amphora tobacco in Holland to sell and distribute this product in the United States, whereas the defendant contends that ‘1 the plaintiff and defendant compete on a national basis.”
Defendant asserts that it obtained a quantity of the product from a “ secondary ” source, imported it, and when defendant attempted to sell the product in this country, the plaintiff caused a letter to be circulated among defendant’s customers which it p.lfnrns was defamatory of the defendant.
*853 The defendant further asserts that the two principal individuals (Meyer and Rose Romick), who own and control the plaintiff corporation, and who are likewise residents of California, instituted an action in the Supreme Court, New York County, in their individual capacity against the defendant in connection with the foregoing acquisition of the product in Holland, and have obtained “certain injunction relief” in that action. Defendant further asserts that it has instituted an action against Meyer and Rose Romick in the United States District Court for the Eastern District of New York, charging them with a violation of the antitrust laws. The defendant’s affidavit then states: “ At the appropriate time it is our intention and purpose to remove the instant litigation either to the Supreme Court or to the Federal Court, where all of the actions can be tried together as a consolidated action.” The court, as well as the plaintiff, are left to surmise when, if ever, the ‘ ‘ appropriate time ’ ’ will arrive.
It is true that where there is a legally sufficient counterclaim for an amount in excess of the amount demanded in the complaint, the plaintiff’s motion for summary judgment will ordinarily be denied. (Treacy v. Melrose Paper Stock Co., 269 N. Y. 155; Hunting Supply Corp. v. Febrey, 22 A D 2d 1010; Hellmuth v. Brandin, 3 A D 2d 997.)
Even if the pleadings are bad, summary judgment will nevertheless be denied if the affidavits indicate triable issues. (Chatham Security Corp. v. Williston & Beane, 16 A D 2d 764, 765; Curry v. MacKenzie, 239 N. Y. 267, 272.)
In the case at bar, we have merely an expectation that some action may be taken by the defendant at some indeterminate time.
The defendant asserts that “the plaintiff is a California corporation, not subject to the jurisdiction of this Court, except through the commencement of litigation here.” The District Court of Nassau County is not limited by the amount of a counterclaim. (UDCA, § 208, subds. [a], [b].) And if the action is for money damages only, it has jurisdiction regardless of the subject matter and regardless of the amount of the counterclaim. (UDCA, § 208, subd. [b].) Thus, it appears that even if the defendant has a bona fide cause of action for defamation, it would not in this case be restricted by the inhibitions contained in subdivision (a) of section 404 of the Uniform District Court Act or CPLR 302 (subd. [a], par. 2). Despite the foregoing and despite the fact that the plaintiff has submitted itself to the jurisdiction of this court, the defendant has not seen fit to interpose a counterclaim. Rather, it suggests *854 the tenuous possibility that it may ultimately acquire jurisdiction of the plaintiff in another action in the Supreme Court or in the Federal court, and thereafter remove this case into either of those courts.
CPLR 3212 (subd. [e], par. 2) now provides a useful tool that will enable the court to grant plaintiff a determination of its just and uncontroverted claim without undue delay, and yet will not deprive the defendant of the in personam jurisdiction that it has now acquired over the plaintiff, should defendant have a legitimate claim against this plaintiff.
The plaintiff is granted summary judgment against the defendant in the sum of $3,663.60, together with interest, costs and disbursements. The entry of judgment shall, however, be held in abeyance in accordance with the provisions of CPLR 3212 (subd. [e], par. 2), pending the determination of such counterclaim as may be interposed herein by the defendant by way of an amended answer for damages claimed to have been sustained as a result of the defamation asserted in the answering affidavits. In the event that the defendant shall fail to serve and file an amended answer containing such counterclaim within 20 days from the date of service of a copy of this decision, the plaintiff shall be entitled to file and enter the summary judgment herein granted and to have execution thereon.