■ CALLANAN ROAD IMPROVEMENT COMPANY, Respondent, v. TER-MEL CONSTRUCTION CORP. et al., Appellants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, entered upon an order granting respondent's motion for summary judgment. Respondent brought the instant action to recover from appellants some $12,200 allegedly remaining due it for certain pavement and curb work done in connection with the construction of the Record Center Building at the State Office Building Campus in Albany. Special Term granted respondent's motion for summary judgment made pursuant to CPLR 3212 on the ground that there existed no triable issue of fact. Of course, summary judgment would be warranted only if no controverted issues are present (e.g., *Weiss* v. *Garfield*, 21 A D 2d 156) and the movant has the burden of showing that no such issues exist or that the issues are not genuine but feigned (*Curry* v. *Mackenzie*, 239 N. Y. 267). By affidavit appellants asserted that the work performed by respondent was not properly done and also that payment was not due under the contract because they had not received final payment from the State. On oral argument here the final payment argument was abandoned. However, the improper performance argument was still advanced and we believe has raised factual issues which require a plenary trial. Appellants assert that the granite curbing installed by respondent separated from the sidewalk and on argument have indicated that they finally had made the necessary repairs themselves. Respondent contends that this defect was the responsibility of the appellants because they installed the sidewalk. Thus presented is a clear factual issue as to the responsibility for this condition and the amount expended for the repairs. Additionally appellants specifically allege that the asphaltic concrete pavement had a granular surface and therefore did not meet the requirements of the contract specifications. The correctness of this contention cannot be answered on the instant record which does not even contain a copy of the construction contract. Nor is the fact that the State officially accepted the work on March 5, 1968 dispositive of this issue since liability persists to the State on the part of appellants for any defects developing within the ensuing year. Of course, respondent's reply affidavit refuting appellants' assertions does not have any probative value since it was made by an attorney who professes no personal knowledge of the facts (e.g., *Di Sabato* v. *Soffes*, 9 A D 2d 297). Accordingly, on the instant record triable issues of fact exist and the motion for summary judgment should have been denied (*Bakerian* v. *Horn*, 21 A D 2d 714). Judgment reversed, on the law and the facts, without costs, and motion for summary judgment denied. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.