■ PETER LA MALFA, Appellant, v. LLOYD H. DENNY, Respondent.— GREEN-BLOTT, J. Appeal from an order of the Supreme Court at Special Term, entered September 2, 1969 in Schenectady County, which granted a motion by defendant for summary judgment dismissing the complaint. Appellant, a volunteer fireman, brings this action to recover for personal injuries and medical expenses he sustained as a result of an accident in which he was struck by respondent's automobile while directing traffic in front of the firehouse during a fire. Special Term held that the Workmen's Compensation Law was appellant's exclusive remedy; that both parties were members of South Schenectady Fire District No. 6 and fellow employees within the meaning of the Workmen's Compensation Law of the State of New York; and that they were engaged in carrying out activities as volunteer firemen at the time of the accident. Appellant argues that issues of fact exist which require a jury trial. We do not agree. Appellant produces no evidence to support his allegation that the respondent was not engaged in answering the fire alarm at the time of the accident. At his examination before trial, respondent testified that he was a volunteer fireman of South Schenectady Fire District No. 6 and was respond-ing to an alarm when he struck the appellant. Appellant testified at his examination before trial that he was also a volunteer fireman and a member of South Schenectady Fire District No. 6; that he had responded to the alarm and was directing traffic in front of the firehouse when he was struck by the respondent's automobile. Thus the examination before trial of both parties reveals that they were members of the same volunteer firemen company, and were acting in the performance of their duties at the time of the accident. In view of these facts, and the appellant's failure to produce evidence to the con-trary, appellant's exclusive remedy is governed by section 19 of the Volunteer Firemen's Benefit Law, which provides that "The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * for or on account of an injury to a volunteer fireman in line of duty * * * as against * * * any person or agency acting under governmental or statu-tory authority in furtherance of the duties or activities in relation to which any such injury resulted". Since appellant has not factually demonstrated a genuine issue, summary judgment is therefore appropriate. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Greenbaum* v. *American Metal Climax*, 27 A D 2d 225.) Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.