■ SAMUEL GUTWEIN et al., Respondents, v. UNGAR MANAGEMENT INC., et al., Defendants, and SIDNEY J. UNGAR et al., Appellants.— Appeal by defendant Sidney J. Ungar from an order of Supreme Court, New York County, entered December 28, 1972 denying his motion to dismiss certain causes of action in the complaint, and appeal by defendant Sylvia B. Teichner from an order of Supreme Court, New York County, entered on July 3, 1973, denying said defendant's motion to dismiss the fifth cause of action in the complaint, shall be held in abeyance for a period of four months from the date of the entry of the order herein. Both appellants appear by the same attorney and one record on appeal has been filed. By reason of the death of defendant-appellant Sidney J. Ungar during the interim between service of the notices of appeal and the submission to this court of the appeals on April 26, 1974, this court may not proceed to a determination of the appeals on the merits. (CPLR 1021; *Schweers* v. *Schweers,* 39 A D 2d 679; *Thompson* v. *Raymond Kramer, Inc.,* 23 A D 2d 746; *Price* v. *Booth,* 21 A D 2d 680.) Application for substitution of the executor or administrator for said deceased Sidney J. Ungar should be made at Special Term, New York County. If a personal representative shall not have been appointed and substituted for said deceased party within four months, application should be made pursuant to CPLR 1021 for a dismissal of the appeals. Concur — Markewich, J. P., Murphy, Lupiano, Steuer and Lane, JJ.

■ LOGISTICS INDUSTRIES CORPORATION et al., Appellants, v. ROBERT WACKS et al., Respondents, et al., Defendant.— Order, Supreme Court, New York County, entered March 27, 1973, so far as appealed from, unanimously reversed, on the law, without costs and without disbursements, to deny defendants' cross motion to dismiss so much of the complaint as asserts a cause of action on behalf of Logistics Industries Corporation, and to reinstate such portion of the complaint. There are clear disputed issues of fact concerning the relationship of J-E Plastics to Logistics Industries and whether J-E has independent corporate status or is merely a division of Logistics, and accordingly, the complaint insofar as it alleges a cause of action on behalf of Logistics should not have been dismissed. Although the complaint alleges that J-E does possess corporate status, such however, is not binding on this motion in view of the factual issues raised (see *Curry* v. *Mackenzie,* 239 N. Y. 267, 272). Our disposition is without prejudice to defendants' right to allege in the answer that Logistics is " not the real party in interest or otherwise entitled to sue ". (*Miltenberg & Samton* v. *Overseas Investors,* 24 A D 2d 949; *Reed* v. *Hopkins,* 10 A D 2d 897.) Concur — Nunez, J. P., Kupferman, Lupiano, Steuer and Tilzer, JJ.