■ AMERICAN HOSPITAL SUPPLY CORPORATION, Respondent, v FACILITIES DEVELOPMENT CORPORATION, Defendant and Third-Party Defendant-Appellant. KALLMANN & MCKINNELL, RUSSO & SONDER, Third-Party Defendant-Appellant.—Appeals from an order and judgment of the Supreme Court at Special Term, entered October 18, 1976 (resettled order and judgment entered January 17, 1977) in Albany County, which granted plaintiff summary judgment on its first cause of action and declared the rights of the parties. The plaintiff, American Hospital Supply Corporation (hereinafter American), contracted with the defendant, Facilities Development Corporation (hereinafter FDC), to supply and install cabinetwork for a hospital being constructed by FDC. The original contract specifications prepared by FDC's architect (third-party defendant Kallmann & McKinnell, Russo & Sonder) called for certain cabinet panels to be fabricated of two three-quarter-inch particle board pieces separated by a three-eighths-inch divider. In December, 1973 American obtained written approval from the architect to substitute single one and seven-eighths-inch sheets of particle board for the sandwich-type design originally specified. American then installed cabinetwork with one and seven-eighths-inch single sheet particle board panels. After installation, some of these panels erupted (apparently because moisture had penetrated into the core of the particle board), and the architect rejected all work incorporating the one and seven-eighths inch substitute panels. The defendant upheld the architect's rejections of the panels and ordered American to replace all of the one and seven-eighths-inch particle board. American has undertaken to make the necessary replacements, but the defendant refused to pay American for the costs involved. American asserts in its complaint that since use of the solid core rather than sandwich design was approved by the defendant and its architect, the defendant should bear the cost of replacement. Because there is no doubt that the defendant in fact approved the single core design incorporating one and seven-eighths-inch particle board, Special Term granted American summary judgment pursuant to CPLR 3212. This was error. The defendant and third-party defendant contend that the particle board material itself (and not the single sheet design) caused the damage to the cabinetwork. According to the affidavits in opposition to the motion, the one and seven-eighths-inch material used by American was low quality, porous particle board. The contract called for "Premium Quality" materials, that term being defined as the "highest grade available [N]aturally the most expensive grade." Whether the particle board used by American was of "Premium Quality" presents a

question of fact not resolvable by summary judgment. The contract also provided that American was to submit "samples for approval of all materials." The affidavits offered by American allege that a sample of the one and seven-eighths-inch particle board used (and later rejected) was approved by the architect at a meeting on October 17, 1973. The affidavit of architect Coburn, in opposition, states that he was present at the October 17 meeting and no such sample was submitted or approved. Thus, assuming that approval by the architect of a sample would eliminate from this case the question of fact as to whether the material used by American was of premium quality, there obviously remains the question whether the material used was in fact submitted by American and approved by the architect. The action must be remanded for trial (cf. *Callanan Rd. Improvement Co. v Ter-Mel Constr. Corp.,* 30 AD2d 591). There was no appeal from Special Term's dismissal of plaintiff's second cause of action (an action in *quantum meruit* for the replacement work performed by plaintiff), and, therefore, the dismissal of that action is beyond review. However, Special Term's decision to dismiss the second action was clearly made because full relief had been granted in the first action (an action for a declaratory judgment). Nothing in our decision herein is meant to preclude a motion before trial by plaintiff to amend its pleading if the declaratory judgment form of the first cause of action be deemed cumbersome or otherwise inappropriate. Order and judgment modified, on the law, by striking therefrom the first, second, and fourth decretal paragraphs and by remitting the matter for trial, with costs on the motion and in this court to abide the event, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.