JAMES F. CONNOR, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

First Department, May 1, 1936.

*Henry C. Moses* of counsel [*Charles J. Nehrbas* with him on the brief; *Moses, Nehrbas & Tyler*, attorneys], for the appellant.

*Chas. J. Katzenstein* of counsel [*John C. Hinkle* with him on the brief], for the respondent.

PER CURIAM. Plaintiff was granted summary judgment in an action brought to recover the sum of $5,000 from defendant upon its policy of accident insurance issued to the deceased for the benefit of plaintiff's assignor. The insured was killed while riding

in an automobile driven by one Garland H. Elliott. Defendant in its answer pleaded as a defense a clause in the policy of insurance, which excepted from coverage a death sustained when the accident causing it " happens while the member is * * * under the influence of intoxicating drink or narcotics, or in consequence thereof."

Upon the proof submitted it cannot be said that there was a failure on the part of defendant to satisfy the court that there is truth in its defense.

An affidavit of defendant's attorney submitted in opposition to this motion stated: " Hill and Elliott cruised around the neighborhood for three hours, were involved in two automobile accidents, were both badly intoxicated, and at nine o'clock Hill was killed. The condition of Hill's body was such when he was extricated from the wreck, that no one could then tell whether he had been intoxicated." It also set forth that Elliott was convicted by a verdict of a jury in the Queens County Court of the crime of manslaughter in the second degree for causing deceased's death while driving, in an intoxicated condition, the car in which the deceased was riding. In suspending sentence upon Elliott, according to the affidavit, the county judge made the following observation: " It was unfortunate Elliott that you and your pal [the deceased] were out and drank too much; and the one who suffered is your pal. Of course you were both participating in this drinking bout; and you had this unfortunate accident which resulted in the death of your pal."

In the replying affidavits submitted by plaintiff there is no denial of any of these statements except that it is reiterated that the deceased had not been drinking on the day of the accident.

Under rule 113 of the Rules of Civil Practice, defendant is not required, by affidavits, to establish by a preponderance of proof its defense; the only question, upon a motion of this character, is " whether an unsubstantial formal defense has been interposed for purposes of delay." (*Barrett* v. *Jacobs*, 255 N. Y. 520, 521.) Here there was an adequate showing that the issue was not feigned but genuine and that, in fact, defendant had a *bona fide* defense to the action, which entitled it to a trial of the issues. (*Curry* v. *Mackenzie*, 239 N. Y. 267, 270.)

The judgment and order should be reversed, with costs, and the motion for summary judgment should be denied.

Present — MARTIN, P. J., McAVOY, O'MALLEY, UNTERMYER and COHN, JJ.

Judgment and order unanimously reversed, with costs, and the motion denied.