HENRY BARTELS, as Chairman of the Brewery Workers' Pension Fund, Plaintiff, v. RUBEL CORPORATION, Defendant.

Supreme Court, Special Term, Bronx County, March 29, 1954.

*Sol H. Yellin* for defendant.

*I. Philip Sipser* for plaintiff.

MATTHEW M. LEVY, J. The defendant moves for summary judgment dismissing the complaint. The plaintiff is the chairman of the Brewery Workers' Pension Fund, and sues on its behalf. Judgment in this court was duly obtained by him in October, 1951, for upwards of $10,000 against Ebling Brewing Company, Inc., for unpaid employer contributions to the pension fund. Execution on that judgment was returned unsatisfied in April, 1952, and Ebling is no longer in business. The present action was instituted on October 24, 1952, issue was joined on November 12, 1952, and the cause was thereafter noticed for trial.

The present complaint alleges that Ebling was a wholly-owned corporate subsidiary of the defendant; that the defendant controlled Ebling's officers and directors; that the defendant exercised dominion and control over Ebling and its activities, business conduct and finances to such an extent that Ebling was in fact a department and instrumentality of the defendant; and that in incurring the liability for which the judgment was obtained, Ebling was acting as agent for the defendant. The complaint then claims that by reason of the premises, the defendant is accountable and responsible to the plaintiff for the amount of the uncollected judgment. The material allegations of the complaint are denied by the defendant. However, some facts do appear to contradict the defendant's contention that this is a strike action — the defendant is the owner of all of Ebling's corporate stock; Samuel Rubel was the president of each of the corporations, the other officers were substantially the same; Ebling was the defendant's tenant in the same building as defendant's plant; the defendant from time to time financed Ebling; the two companies maintained the same payroll departments; on several occasions, the employees of one of the companies were paid by checks of the other; the same attorneys represented both; in several instances debts of one were paid by the other; etc. These appear to be items which defendant

has endeavored to explain away as isolated, as mistakes, as inconsequential, and as contradicted by the great mass of documentary evidence available to it. But they may be straws in the wind which could prove, upon further investigation, to support the basis of plaintiff's complaint.

My views as to the liability of the defendant in a somewhat similar case are set forth in *Sasmor* v. *V. Vivaudou, Inc.* (200 Misc. 1020). That was a decision after trial. Doubtless, summary judgment will lie in an action such as this. But the question now before me is whether I should pass upon the defendant's motion for summary judgment at this time (which might result in a dismissal of the complaint on the present proof) or whether I should hold determination of this motion in abeyance pending the discovery and inspection of the defendant's records — an application for which was duly made by the plaintiff prior to the instant motion.

The plaintiff has proceeded with reasonable diligence. He initially moved for such discovery in April, 1953, in conjunction with an application for an examination before trial. In May, 1953, the examination was allowed, and the order provided that " in so far as a discovery and inspection is sought the motion is denied with leave to renew in the event that it subsequently appears that such relief is necessary ". The examination of defendant was held in August, 1953, and sworn to in October of that year. Enough has been presented in the examination and in some documentary proof to warrant the allowance of the discovery at this time, and I have this day granted the plaintiff's motion in that behalf in a memorandum which I quote in full as follows: " Upon the foregoing papers this motion for production, discovery, inspection and copy is granted. The records will be produced at the defendant's premises, or at such other location within the city as is convenient to the defendant. The discovery is to proceed promptly, and from day to day until it is completed, and on such days and times (to be fixed in the order) as will not unduly interfere with the conduct of the defendant's business. Copies if any are to be made at plaintiff's expense. Any issues arising and unresolved are to be passed upon by the Court at Special Term, Part I. Settle order ".

This is a case where the facts which plaintiff must prove are peculiarly within the knowledge of the defendant and whether the plaintiff can succeed will come to light only on the basis of the records of the defendant and under its control. Under such circumstances, it would be unjust for me to comply with the defendant's request and at this time to dispose of its motion

summarily to dismiss the complaint. I see no prejudice to the defendant in holding up a disposition of its application for judgment until the plaintiff has reasonably exhausted its efforts to obtain the proof which he seriously and sincerely believes is available to him in the defendant's records. I have no doubt that were the case to come on for trial before the calendar judge, he could and would in his discretion adjourn the trial pending the discovery. Summary judgment is a substitute for a trial, but the procedure must not be so summary as to deprive a diligent litigant of a reasonable opportunity to meet the issues presented on an application for judgment. Accordingly I shall hold the determination of this motion in abeyance so as to allow the plaintiff to proceed with the discovery, and upon the completion thereof I should be promptly notified.