Matthew M. Levy, J.
The action in the first cause is for work, labor and services, and in the second cause on an account stated. The only answer submitted is that of the individual defendant. The complaint does not contain a cause of action against the corporate defendant. There is a counterclaim for $1,200 based upon breach of the contract. Plaintiff moves for summary judgment. The moving affidavit makes no reference; to the second cause of action on account stated.
Defendant delivered yarn to plaintiff for the manufacture of sweaters. Plaintiff claims to be entitled to recover the value of all of the services rendered in making the sweaters. There is no explicit statement, as a matter of fact, that all of the yarn had been manufactured. Some of the sweaters were delivered. There was, as plaintiff claims, a robbery in its place of business, and the sweaters finished hut undelivered were stolen without plaintiff’s fault. It is not clearly shown to what extent the yarn had been worked into finished sweaters. The amount sought to be recovered, $7,533.18, is given only as a total without any indication of its computation. It is stated that plaintiff took all reasonable precautions in connection with the care of defendant’s yarn and sweaters while said yarn and sweaters were in plaintiff’s premises. There is no statement that plaintiff took any police action or made any complaint. There is also raised the question whether plaintiff failed to make timely delivery of all of the sweaters so as to have avoided the claimed loss by robbery. It seems to me, as well, that defendant should have an opportunity to examine and investigate, by pretrial examination and otherwise, into the claimed robbery and its results before plaintiff should be enabled, by way of summary disposition, to foreclose further inquiry on matters which are so peculiarly within plaintiff’s knowledge (Bartels v. Rubel Corp., 205 Misc. 673).
Defendant’s answering affidavit, in some aspects, relies upon too general a statement of his contentions and presents few evidentiary facts. However, in respect of other defensive issues; and as to the counterclaim, defendant states that the deliveries which were made to him were not made in the quantities, sizes and colors as originally specified, and, further, that the sweaters as delivered were not in accordance with the original samples submitted. Defendant states also that plaintiff sewed collars inside out, the trimmings thus appearing on the outside, and that the finishing of the garments in the area of the neckline *539 and generally throughout gave obvious appearance of careless and incompetent work. Defendant also states that most of the goods delivered were returned to plaintiff, and asserts that, by examination of pages 2 and S of the exhibit attached to plaintiff’s moving papers, it will appear from the encircled figures that defendant had received credit because of some returns. Further, it is stated by defendant that the yarn should have produced 1,000 dozen sweaters and only 510-10/12 dozen were delivered.
It is obvious from the papers submitted on this motion that bona fide issues of a substantial nature are raised which require a trial before a just determination can be made of the controversy. Accordingly, plaintiff’s motion for summary judgment is denied.