Matthew M. Levy, J.
The complaint alleges causes for breaches of agreements between the plaintiff and the defendants, whereby the plaintiff was to be paid on a commission basis as a space solicitor of advertising for certain programs to be published by the defendants. There are five causes of action. In the first cause of action, the plaintiff seeks a specified amount for commissions allegedly due. In the second cause of action, the same claim is presented as in the first cause of action, but it is expressed in terms of quantum meruit. In the third cause of action, the plaintiff asks for damages for breach of an alleged exclusive agreement in relation to certain advertising solicitation. In the fourth cause of action, the plaintiff claims damages for wrongful discharge. In the fifth cause of action, the plaintiff claims damages for the breach of an oral contract in regard to wholesale distribution.
This is a motion by the plaintiff for summary judgment under rule 113 of the Buies of Civil Practice and in the alternative for partial summary judgment under rule 114, and for an order directing a hearing for the assessment of unliquidated damages.
Early in the history of summary judgment procedure, the Court of Appeals said: “Civil Practice Buie 113 permits summary judgment at times in favor of a plaintiff thoug’h material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court ‘ by affidavit or other proof ’ that there is any basis for his denial or any truth in his defense. The cas'e must take the usual course if less than this appears.. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried. * * * The application is defeated if the defendant 1 shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend.’ ” (Curry v. MacKenzie, 239 N. Y. 267, 269-270, 272.)
Beeently, in Sillman v. Twentieth Century-Fox Film Corp. (3 N Y 2d 395, 404) the Court of Appeals, in denying a motion for summary judgment, restated the guiding precepts: “To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (DiMenna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where *235 the issue is 1 arguable (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue-finding, rather than issue-determination, is the key to the procedure.’ ” And, as to partial summary judgment (Rules Civ. Prac., rule 114) the court laid down the general rule: ‘ ‘ Only where, in court or out of court, a defendant admits without qualification a part of the plaintiff’s claim and it appears that there is no real dispute in regard to any fact affecting the plaintiff’s right to enforce that part of his claim, may the plaintiff ‘ have final judgment forthwith ’ for the part of the claim which is admitted.” (Fleder v. Itkin, 294 N. Y. 77, 83.) (Italics in original.)
With these fundamental and well-established principles in mind, I have studied the papers, and have come to the conclusion that there are issues as to each cause of action which require a trial for their resolution. Perhaps I should undertake to indicate some of the issues, as I see them.
The amount sued for in the first cause of action must be subdivided in order to clarify the issues:
(A) The plaintiff alleges that a sum is due for advertisements in connection with the Wightman Cup Tennis Matches which he claims were to be published by the defendants, which were not so published by them “ out of pique and for the sole purpose of trying to do me out of my commissions ’ ’. The defendants contend that the plaintiff was unable to get these advertisements and that the United States Lawn Tennis Association gave the defendants exclusive program rights in return for the defendants’ underwriting a guarantee. This raises a triable issue.
(B) The plaintiff claims that a sum is due for commissions from the Pittsburgh Steelers-Chicago Cardinals Program. However, the defendants assert that the advertising was obtained by the Steelers without the plaintiff’s solicitation. Furthermore, the defendants contend that it was not advertising solicited for or on behalf of the association or the committee, but that the association paid a sum of money to the Pittsburgh Steelers for the program rights. This raises a triable issue.
(C) The plaintiff claims a sum for commissions from the sale of advertising space in the “Drama” or “ Overholt ” program. The plaintiff says this obligation arose pursuant to the original agreement. However, the defendants assert that the plaintiff’s employment was to solicit on behalf of the defendant Pittsburgh Bicentennial Sports Program Committee, such advertising to appear only in the Sports Program. The written agreement between the plaintiff and the defendants was on the stationery of the defendant1 ‘ Pittsburgh Bicentennial *236 Sports Program Committee The plaintiff’s trade name is “Football Publications'”. The defendants contend that the “ Drama” or “ Overholt ” program was not in any way connected with sporting events. “ Where the language used is susceptible to more than one interpretation, the courts ‘ will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject matter of the instrument and parol evidence may be admissible to clear up any ambiguity in the language employed’”. (Tripp, A Guide to Motion Practice, 1949-1955 Cum. Supp., § 95, p. 233.)
(D) With respect to the remaining claim of the plaintiff in the first cause of action for commissions due, the defendants assert a counterclaim in the form of a setoff in excess of the amount due the plaintiff. The defendants contend that the plaintiff, in breach of contract, wrongfully intercepted checks sent in payment for advertising, and returned them to the advertisers, to the defendants’ damage. The plaintiff alleges that he was dismissed on May 1, 1959. The checks appear to - have been taken by the plaintiff in March and April of 1959. The plaintiff contends that the taking of the checks was pursuant to the regular course of his business. The defendants deny this. There appears to be a genuine and not a feigned issue here. In Hellmuth v. Brandin (3 A D 2d 997), the court said:
" The test on summary judgment is whether the affidavits show a good defense (Curry v. MacKenzie, 239 N. Y. 267) and where, as here, the counterclaim as sustained by affidavits exceeds the demand in the complaint, the preferred practice is to deny the motion based on the complaint rather than grant it and defer entry ”.
Since the second cause of action is for the same claims as the first cause of action, although alleged in quantum meruit, the facts and principles hereinbefore set forth are applicable here as well. Accordingly, there is an issue here too.
The third cause of action is for breach of an alleged exclusive contract right to solicit, advertisements on all program's of the defendants’ enterprise, which contract was allegedly breached by the granting of an exclusive contract to another for a special program in connection with the Gateway Festival, or so-called “ Drama Program.” The plaintiff claims damages by reason of the competition of the “ Drama Program ”, which, the plaintiff asserts, made it impossible for him to secure such advertising space. The defendants allege that the plaintiff’s contract was limited to solicitation of advertising for the Sports Program only. Ambiguity there is here, as there was in the *237 facts mentioned in subdivision (C) of the first cause of action. An issue has been raised as to whether the plaintiff had an exclusive contract for all advertising and whether, with knowledge that there would be a special program for which a different agency would solicit advertisements, plaintiff had no objection to it.
The fourth cause of action alleges a wrongful discharge. The defendants assert that the solicitation of advertising was actually at an end. Furthermore, they contend that the plaintiff’s attitude and conduct in intercepting checks and returning them to the advertisers was wrongful and would warrant the termination of the contract. If in breach of the contract, this would be a good defense to the charge of wrongful termination. These facts create an issue to be determined at a trial.
The fifth cause of action relates to an alleged oral contract for the exclusive right to sell at a stated commission copies of programs for all the events planned and undertaken. No terms of this contract are set forth with any degree of certainty, and it is denied. In Jacobson v. Jacobson (268 App. Div. 770) the court, in discussing a controversy as to the existence and content of an oral agreement, said that it could ‘1 be best determined upon a trial of the issues ’ ’ and a motion for summary judgment was denied. Not only do the defendants deny that the plaintiff had any exclusive right, but they assert, too, that he was paid for programs sold by himself. From the facts stated in the opposing affidavits, it is impossible to determine these issues and they require a trial.
In short, the motion is denied in all respects, and an order has been signed and entered to that effect.