Matthew M. Levy, J.
The plaintiff is the trustee in bankruptcy of Rubi Merchandise Corporation, a comparatively small company selling dry goods and notions. The defendant Samuel TJnowitz is its president and a director and its sole stockholder, and, up to the time of the bankruptcy proceedings, was active in the management of the corporate affairs. On January 30, 1956, TJnowitz, as president, drew a corporate check to himself personally in the sum of $6,000, and again on February 8, 1956, as president, drew another corporate check to himself personally in the sum of $1,500 — a total of $7,500 — in payment of antecedent debts owing to him from the corporation. The corporate business, which began in July, 1954, was discontinued in February, 1956. In March, 1956 the company attempted a bulk sale of its merchandise for somewhat under $10,000, contemplating payment to creditors on the basis of about 50% to 65%. An involuntary petition in bankruptcy was filed against the corporation on May 29, 1956.
The plaintiff trustee brings this action to recover the $7,500 upon the ground that the defendant had reasonable cause to believe that he was thereby receiving preferment over other creditors. (Bankruptcy Act, § 60; U. S. Code, tit. 11, § 96.) The motion now before the court is one by the plaintiff to strike the defendant’s answer and for summary judgment in the plaintiff’s favor (Rules Civ. Prac., rule 113). In his answering affidavit, the defendant says: “ I, therefore, specifically deny that at the time the alleged preference was made that I knew that Rubi Merchandise Corporation which subsequently ivas adjudicated bankrupt, was insolvent. I did know that the Corporation *987 was not enjoying the very best of business, but that the said corporation was insolvent was far from my thoughts ’ (Italics in original.)
Subdivision (b) of section 60 of the Bankruptcy Act (II. S. Code, tit. 11, § 96, subd. [b]) provides that the trustee in bankruptcy may avoid a preference if the creditor who received it “ has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.” It is in the light of the language of that statute that the issues here must be resolved.
In the first place, there can be no question as to the fact of insolvency at the time that the payments were made. The sole basis of the petition in bankruptcy was the charge therein that these two checks were issued as preferences in violation of the Bankruptcy Act. (U. S. Code, tit. 11, § 96, subd. [a].) The defendant Unowitz, as president, denied the allegations of the petition on behalf of the corporation, and participated in the contest thereon, resulting in an adjudication in bankruptcy. That determination, of course, embraces a finding that preferences were given at a time of insolvency and in violation of the Bankruptcy Act.
While there is thus a holding that the bankrupt corporation was insolvent and that it did make preferential payments, it does not necessarily follow as a matter of law that such payments were knowingly received by the defendant Unowitz as preferences. But it is clear that the statute does not require the creditor to have “knowledge” of the debtor’s insolvency. It is sufficient if the creditor has “ reasonable cause to believe ” that the debtor is insolvent. On that issue, it seems to me that inquiry need not, in this case, be an extended one.
The circumstances here indicate without question that the defendant knew or should have known or should have investigated the financial condition of his corporation before he sought to pay himself in advance of the other creditors. For even a “ creditor [not associated with the debtor] has reasonable cause to believe that a debtor is insolvent Avhen such a state of facts is brought to the creditor’s notice, respecting the affairs and pecuniary condition of the debtor, as would lead a prudent business person to the conclusion that the debtor is insolvent * * * [W]here circumstances are such as would incite a man of ordinary prudence to make inquiry, [even] the [outside] creditor is chargeable with notice of all facts which a reasonably diligent inquiry would have disclosed * * * And if [such a] creditor fails to make an inquiry when he has a duty to do so, he will be charged with all the knowledge which he *988 would have acquired had he conducted such an investigation ” (3 Collier, Bankruptcy [14 ed.], pp. 989, 990, 991, 995, 997).
It is doubly plain that a plea by an active principal officer of a corporation, certainly of one not having extended or widespread business interests, of lack of knowledge of its financial condition — at least in respect of the fact of solvency or insolvency— ought not to be acceptable as a tangible basis for the creation of a triable issue. In any event, on the present submission, I believe the issue is feigned, and not genuine, and, therefore, the motion for summary judgment is granted (see cases cited in Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233).
Settle order providing for severance of the action as against the remaining defendants.