Matthew M. Levy, J.
This action was instituted to recover the matured balance of $1,704.15 due on a promissory note made by the defendants on January 15, 1959, to evidence a loan of $1,800 granted on that date to the defendant Folsom, who signed the note as “ Borrower ”. By the terms of the note, the defendants “jointly and severally” agreed to repay the principal amount thereof in 24 monthly installments of $75 each, commencing February 15,1959, and further agreed that upon default in making any installment payment the entire balance of the note would become immediately due and payable, without demand or notice. The defendants failed to make a single installment payment.
The plaintiff now moves for summary judgment against the defendant Widelitz, who signed the note as “ Co-maker ”. In opposition, the defendant Widelitz admits that he signed the note in suit, but asserts that there were certain blanks therein at the time — such as the date, the amount and the signature of a co-maker — and that the date and amount were later filled in without his knowledge, and that his understanding that another co-maker would sign was not complied with. As to the date and amount of the loan, it appears that the original application was for a loan in the sum of $3,600, that that was rejected by the plaintiff with notice to the defendant Widelitz, and that then the plaintiff approved a loan for $1,800.
In my view, the answering affidavit does not raise a triable issue. The proper filling in of blanks is permissible (Russell v. *985 Marboro Books, 18 Misc 2d 166, 173-174), and there is no claim that the actual date and the precise amount of the loan were not accurately inserted. Indeed, as to the amount of the initial loan applied for being reduced, and as to notice thereof to the defendant Widelitz, a document presented by the moving party, bearing this defendant’s admitted signature, states that the “ application [for a previous loan of $3600] has been renewed for a loan in the amount indicated [$1800], and the undersigned [including the defendant Widelitz] has today signed a new promissory note as co-maker relative thereto in that amount ’ ’.
As to the alleged understanding that another co-maker would sign the note and that that not having been done voids the note, it should be recorded that the note is specifically and expressly a “ joint and several” one, insofar as the liability of the signatories to the plaintiff is concerned, and that, by the terms of the instrument which he signed, the defendant Widelitz ‘ ‘ agreed that none of the terms or provisions of this Note may be waived, altered, modified or amended except in writing duly signed for and on behalf of the Bank.” And there is nothing to show that the plaintiff in writing or otherwise agreed that the note would not become effective and binding until another co-maker signed the note. That there is a blank space provided for that purpose does not mean that such a signature is a condition precedent, as a matter of law, to the liability of the borrower or the co-maker who did sign.
In respect .of both the asserted issues of filling in blanks and not obtaining a co-maker’s signature, it should be further pointed out that the note signed by the defendants specifically (par. Ill) authorizes the Bank [the plaintiff] to: “ (2) complete any blank spaces in this note according to the terms upon which it grants the loan relative thereto, and (3) at its option, cause the signature(s) of one or more Co-makers to be added at any time(s) hereto, and to do so with or without notice to any of the undersigned, who hereby consent thereto and acknowledge that such may be done without affecting the joint and several obligation of each of the undersigned, as hereinbefore set forth. ’ ’
In my view, the answering affidavit of the defendant Widelitz does not raise genuine, as distinguished from feigned, issues (see cases cited in Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233). Accordingly the plaintiff’s motion for summary judgment is granted. Settle order, providing for a severance of the action as against the other defendant and providing for the deposit of the note (New York County Supreme Court Rules, Special Terms, Rule II, subd. 4).