Matthew M. Levy, J.
The plaintiff moves for summary judgment (Rules Civ. Prac., rule 113). While there is no limitation on the power of the court to grant such a motion at any stage of the proceedings (Ecker v. Muzysh, 259 App. Div. 206), it is worthy of note that an application by the plaintiff for this relief was, as long ago as June, 1952, denied without prejudice to renewal. Instead of moving promptly or proceeding to trial, the plaintiff waited for more than seven years and has now renewed its motion — with no suggestion given as to any reason for the delay.'
The action is upon an installment note made by the defendants Schinasi and Nathan Sandler, given upon a loan to them by the plaintiff of $8,500, payment of part of which was guaranteed by the defendants Winter and Abraham Sandler. A chattel mortgage was delivered by the makers to the plaintiff as security. The promissory note provided, in substance, among other things, that the plaintiff was under no duty with respect to the collateral except to account pursuant to the terms of the note; power was given to the plaintiff to sell and assign and to deliver the whole of the collateral or any part thereof without demand or notice; and any sale pursuant to the terms of the note would not operate as a release or discharge of the note until full payment shall have been made. The note also contained the following provision: 11 The Bank may transfer this note and deliver to the transferee(s) all or any of the property then held by it as security hereunder, and the transferee(s) shall thereupon become vested with all the powers and rights herein given to the Bank with respect thereto; and the Bank shall thereafter be forever relieved and fully discharged from any liability or responsibility in the matter, but the Bank shall retain all rights and powers hereby given with respect to the property not so transferred.”
Default having occurred in the payment of the installments due on the loan, the principal thereof was accelerated as per *446 mitted by the terms of the note. The primary defendants were in possession of the mortgaged chattels at their place of business,.from which they were dispossessed for nonpayment of rent. Thereafter, the plaintiff, retaining the promissory note, accepted the sum of $3,500 from one Akner, the new tenant, for an assignment by the plaintiff of the chattel mortgage, and credit for this amount was given to the defendants on account of their indebtedness under the note.
It is contended by the defendants that, when the plaintiff accepted $3,500 for the assignment, the indebtedness due the plaintiff was thereby paid in full, that the assignment of the mortgage operated as a transfer of the debt, that the plaintiff was therefore no longer the proper party in interest and that as a consequence cannot maintain this action. The defendants have submitted no contesting affidavit on this motion. In their brief, however, they not only urge denial of the plaintiff’s application, but ask affirmatively for summary judgment in their favor on the basis of the plaintiff’s submission (Rules Civ. Prac., rule 113).
The prior motion for summary judgment had been denied ‘ ‘ without prejudice to a renewal on proof that the assignment by the plaintiff of the chattel mortgage was in such form as not to subject the defendants to liability for a deficiency on the chattel mortgage in addition to their full liability on the note.” A copy of the assignment is now annexed to the moving papers, but whether (in the circumstances of this transaction) there is a possibility of liability to Akner, the assignee, as well as to the plaintiff cannot, as I see it, be resolved on this submission.
A chattel mortgage effects a present transfer to the mortgagee of legal title to the chattels, subject to defeasance on payment of the debt. On default, the title of the holder of the mortgage becomes absolute by operation of law. (Harrison v. Hall, 239 N. Y. 51.) The mortgagee in this case could have foreclosed on the mortgage or seized the chattels and sold them at public or private sale. A simpler case for summary judgment in the plaintiff’s favor there would have been if the transaction between the mortgagee and the assignee were that of a sale of the chattels. However, it does not appear from the record before me that the parties necessarily intended to effectuate a sale. The document now presented appears to be an assignment of all the right, title and interest that the plaintiff had in the chattel mortgage. A chattel mortgage is but an incident of the basic debt and a transfer of the mortgage, by itself, would be a mere nullity (Eager, Law of Chattel Mortgages and Conditional Sales and Trust Receipts [perm, ed.], § 38, pp. 43-45).
*447 The assignment of the mortgage may indeed transfer the debt if that Avas the intention of the parties. The principle is Avell stated' by Mr. Justice Eager in a paragraph headed 11 Assignment of mortgage; Assignment Avithout the debt ”: “ While it is the rule that a chattel mortgage is but an incident of the debt secured and has no existence apart from such debt, the assignment of the mortgage, without mentioning the debt, Avill generally operate as a transfer of the debt, or an interest therein, sufficient to give to the assignment such effect as the parties intended.” (Eager, op. cit., § 200, p. 274.)
Although the debt here may not have been discharged by virtue of the transfer, nevertheless, from aught that appears from the face of the assignment, the debt Avent with it. In such case, if the plaintiff obtain the balance by virtue of this motion, the assignee of the mortgage is, on the basis of this submission, not precluded from recovering the balance of the debt represented by the chattel mortgage. Although the note states that the sale shall not release or discharge the debtors until payment, nevertheless, the. question here is raised as to who is to be paid and whether, by virtue of the form of the assignment, the plaintiff has not prejudiced the defendants.
In Campbell v. Birch (60 N. Y. 214) relied upon by both parties — the court Ayas confronted Avith the question of arriving at a determination as to the meaning and effect of an assignment of a mortgage. It is clear that the court studied ‘ ‘ the circumstances disclosed in the case ”, so as to enable it to ascertain “ the real intention and legal consequence of the transaction ” (p. 218). Similarly, here, to give the present assignment of the mortgage vitality, a debt must exist and the extent of this debt in the present case must be determined at the trial.
The plaintiff points out that, while the chattel mortgage was assigned, the promissory note was not relinquished and is still in the possession of the plaintiff. And the plaintiff claims that its intention was to transfer a beneficial interest only in the property covered by the mortgage and that the assignment should be given effect, to the. extent necessary to carry out such intention. The assignment itself, however, did not reserve any rights to the. assignor, and the papers submitted by the. plaintiff on this motion fail to show conclusively, on their face, that the intention of the plaintiff was to transfer a beneficial interest only.
In this light, the contention of the defendants that the sale of the chattel mortgage included the basic note as well, so that the plaintiff has been divested of ovraership thereof, cannot be ignored, although the defendants have failed to submit any answering affidavit setting forth any controverting evidentiary *448 facts. Again quoting Judge Eager’s treatise on the Law of Chattel Mortgages (§ 200, p. 275), 11 [e]ven the retention of the notes secured by a mortgage by the assignor following an assignment of the mortgage does not conclusively establish that the assignor did not intend a transfer of the debt represented by the notes in order to make the assignment effective ” (Hill v. Beebe, 13 N. Y. 556). On the other hand, it cannot be conclusively determined on the present submission that the plaintiff did not intend to accept the $3,500 from the assignee as a credit on account of the obligation of the defendants to the plaintiff on the note. In short, a reading of the papers and documents submitted indicates that a triable issue appears as to the intention of the plaintiff in transferring the chattel mortgage to Aimer.
It may be suggested that the construction of the assignment — a written document — is a question of law for the court, and that upon a trial it is doubtful whether any additional facts would be forthcoming to resolve the issue of intent. But, in my view, that does not necessarily nullify the principle that where the intent is not clear, or where there is an ambiguity which requires resolution, summary judgment should be denied (see Sprung v. Jaffe, 3 N Y 2d 539, 544; Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25; O’Connor-Sullivan v. Otto, 283 App. Div. 269, motion for leave to appeal denied 283 App. Div. 762; Utica Carting Stor. & Contr. Co. v. World Fire & Marine Ins. Co., 277 App. Div. 483, motion for reargument denied, motion for leave to appeal denied 278 App. Div. 629). As was said by the Court of Appeals in Lachs v. Fidelity & Cas. Co. (306 N. Y. 357, 364): “We have never departed from our statement in Kenyon v. Knights Templar & Masonic Mut. Aid Assn. (122 N. Y. 247, 254): ‘ It may preliminarily be observed that, as a general rule, the construction of a written instrument is a question of law for the court to determine, but' when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used, in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact’” (quoted in Tripp, A Guide to Motion Practice [1958 Cum. Supp.], § 95, pp. 105-106).
In the circumstances of this ease, the defendants cannot be expected to have knowledge of the transaction between the plaintiff and Akner (Brooklyn Clothing Corp. v. Fidelity *449 Phenix Fire Ins. Co., 205 App. Div. 743, 748; Verity v. Peoples State Bank of Baldwin, 1 A D 2d 833). Perhaps Akner is available to testify for one party or the other. It may be that he should (if it is now not too late) be joined as a party in the instant litigation (Civ. Prac. Act, § 193). It may be that the plaintiff’s records, if fully disclosed, will give the key (cf. Bartels v. Rubel Corp., 205 Misc. 673). The circumstances existing when the assignment was made, the situation of the parties and the subject matter of the instruments may be resorted to to clear up the doubt (Wilson v. Ford, 209 N. Y. 186, 196; Smith v. Smith, 277 App. Div. 694; Frank Associates v. Ryan & Sons, 281 App. Div. 665). Or the trial court may be relegated to reliance, in determining the case, upon the doctrine of the burden of proof — which, in its classic application, is of no moment on a motion for summary judgment (cf. Curry v. Mackenzie, 239 N. Y. 267, 271-272; Connor v. Commercial Travelers Mut. Acc. Assn., 247 App. Div. 352, 353; First Trust & Deposit Co. v. Dent, 263 App. Div. 1058; see cases cited in Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233, 234-235).
I have, it seems, permitted myself to indulge in speculation insofar as my thoughts are concerned as to what might occur upon a trial. However, in respect of a disposition of the precise matter now before me such an expedition is impermissible. My definitive conclusion is that both the motion by the plaintiff for summary judgment and the request by the defendants for similar relief should be denied. An order has been signed and entered to that effect.