■ RAYMOND MOSHER et al., Appellants, v. ROWLAND DISTRIBUTERS, INC., Respondent.— In our opinion, the record shows the existence of triable issues of fact. In any event, the material facts as to the total amount of the gross sales within the period or periods of time in question are clearly not within plaintiffs' personal knowledge and apparently are exclusively within defendant's knowledge. For that reason alone summary judgment should not have been granted (*Moller* v. *Candlewood Constr. Corp.*, 12 A D 2d 959; *Hogan* v. *Ciancimino* 12 A D 2d 501; *Vignola* v. *Britts*, 11 A D 2d 801; *Ardisco, Ltd.* v. *Taconic Holding Corp.*, 10 A D 2d 973; *De France* v. *Oestrike*, 8 A D 2d 735). We also believe that under all the circumstances disclosed, the plaintiffs ought to be allowed an opportunity to develop the facts through an examination before trial before summary judgment is granted against them (see *Lori-Jay Knitting Mills* v. *Columbia Knitting Mills*, 21 Misc 2d 537; *Bartels* v. *Rubel Corp.*, 205 Misc 673). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH POWERS, Appellant.— No opinion. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BEVERLY SMITH, Appellant.— After trial, she was convicted of the offense of disorderly conduct. On the trial of the misdemeanor charge the Court of Special Sessions was without jurisdiction to convict defendant of the offense of lesser grade, to wit, disorderly conduct, since she had not pleaded guilty to such offense (N. Y. City Crim. Cts. Act, § 31, subd. 9; *People* v. *Torraco*, 12 A D 2d 964; *People* v. *Ginther*, 15 A D 2d 515). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.