■ EDWARD M. GILBERT, Appellant, v. ANDRE MEYER et al., Respondents.— Resettled order, Supreme Court, New York County, entered March 2, 1971, granting defendants' motion for summary judgment pursuant to CPLR 3212 (subd. [b]) on the ground that the cause of action in plaintiff's complaint was not timely brought, is affirmed. Defendants-respondents shall recover of appellant $50 costs and disbursements of this appeal. The appeal from the order entered February 2, 1971, is dismissed. We agree with the comprehensive opinion of Special Term but would add the following. Contrary to what is implied in the opinion of the dissenting Justice, our affirmance of the order of Special Term is not based upon an adherance to any technical requirements as to the form of pleading. Rather, we affirm because upon the motion for summary judgment plaintiff completely failed to show any facts indicating that an equitable cause of action exists. Hence, it is quite clear that the action is time barred. Nor do we believe that it was necessary to hold the motion in abeyance until plaintiff had an opportunity to complete pretrial proceedings, either with respect to allowing his own attorney to ask him any rehabilitating questions or with respect to the issue of when his cause of action arose. As to the former, plaintiff was free upon the summary judgment motion to offer whatever he chose to refute or explain any statements he had made upon his examination

before trial. As to the latter, we do not believe that there is any issue as to when the cause of action arose. The plaintiff set forth clearly that whatever agreement he may have had with defendants was breached in May and June of 1962. The reference to the 1964 Walter-Celotex merger was not shown to be related to the parties' agreement. And even if the Walter-Celotex merger has some relationship to the parties' agreement, that could only affect plaintiff's damages. A new cause of action did not then arise. Finally, the dissent urges that summary judgment should not have been granted prior to discovery proceedings of the defendant Meyer on the crucial question of his absence from the State and thus, the applicability of CPLR 207 tolling the statute. Initially, we note that this point is not even raised upon appeal. Nevertheless, the point was properly disposed of by Special Term as follows: "Finally, plaintiff, without giving any dates, places or particulars of any kind, makes the bald assertion upon information and belief that defendant Meyer * * * has been out of the State for several periods in excess of four months over the last ten years. Of course, he is attempting to invoke the tolling provision of CPLR 207 * * * This contention cannot be taken seriously, particularly in light of the fact that plaintiff did not take any steps to commence this action until after the statute had expired. Moreover, defendant Meyer being a resident of the State, the section does not apply, since jurisdiction over his person could have been obtained during his absence, if any, from the State without personal delivery of the summons to him within the State (see CPLR 207, subd. [3]; 308; 313)." Concur — Stevens, P. J., Capozzoli, Steuer and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: Although I too have many reservations as to the plaintiff's ultimate ability to spell out an equitable cause of action, I do not think he should be the victim of "judicial lightning" before he has had an opportunity to complete his pretrial and discovery procedures, in accordance with our commonly accepted precedents and precepts. "We also believe that under all the circumstances disclosed, the plaintiffs ought to be allowed an opportunity to develop the facts *through an examination before trial before summary judgment is granted against* them (see *Lori-Jay Knitting Mills* v. *Columbia Knitting Mills,* 21 Misc 2d 537; *Bartels* v. *Rubel Corp.,* 205 Misc 673)." (*Mosher* v. *Rowland Distrs.,* 15 A D 2d 934; italics mine; see, also, 6 Carmody-Wait 2d, New York Practice, § 39:30.) As I understand it, however, when the subject motion was brought on, the plaintiff was still being examined by defendant's attorney; his own attorney had not had the opportunity to ask him one rehabilitating question and he had not yet asked one question of the defendants on some matters allegedly within their exclusive possession. But, as the Court of Appeals said in *Proctor & Gamble Distr. Co.* v. *Lawrence Amer. Field Warehousing Corp.* (16 N Y 2d 344, 362): "We have held that summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, *which might well be disclosed by cross-examination or examination before trial* (*Kamen* v. *Metropolitan Life Ins. Co.,* 6 A D 2d 406, affd. 6 N Y 2d 737; *Suslensky* v. *Metropolitan Life Ins. Co.,* 180 Misc. 624, affd. 267 App. Div. 812; *West Virginia Pulp & Paper Co.* v. *Merchants Mut. Ins. Co.,* 10 A D 2d 451; 5 Carmody-Wait, New York Practice, p. 145." (Italics mine.) Or, as was also said in *Crocker-Citizens Nat. Bank* v. *L. N. Magazine Distrs.* (26 A D 2d 667): "Moreover, the rule is here applicable that summary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent (*Franklin Nat. Bank* v. *De Giacomo,* 20 A D 2d 797; cf. CPLR 3212, subd. [f])." More-

over, since CPLR 207 (subd. 3) to the extent it may be applicable, was not effective until September 1, 1963, the facts relative to Meyer should not have been cut off. (See *National Telefilm Assoc.* v. *Ostraw,* 48 Misc 2d 581, affd. 24 A D 2d 848; also CPLR 218 subd. [b]; *Beresovski* v. *Warszawski,* 28 N Y 2d 419.) Whatever these facts were, they were uniquely within Meyer's knowledge, undenied by him, and he was a moving party. When this is so, "the relief asked for will be denied. If this were not·so, summary judgment would be a perversion of justice, instead of in furtherance thereof." (See Summary Judgment by Bernard L. Shientag, 4 Fordham L. Rev. 186, 213.) Now, I appreciate the picaresque role the plaintiff has played in this litigation and his bizarre claim of "nervous shock" as an excuse for skulduggery, but I do think it would be better practice to hold this motion for summary judgment in abeyance- pending the expeditious completion of the plaintiff's pretrial efforts, and then perhaps permit him to replead in an alternative fashion should the facts after disclosure so warrant; or deny the motion, without prejudice to a renewal. (*Kaminsky* v. *Kahn,* 20 N Y 2d 573.) But now, on a purely technical defense — and that is what the Statute of Limitations is — we have dismissed this plaintiff's complaint for twenty-five million dollars out of hand, but still left him exposed to a counterclaim in the sum of $650,000. All this, largely because he "asks for no equitable relief, seeking money damages only." But, I had thought that under the new dispensation, it is the function of the court, taking a broader view, to award appropriate relief when warranted, regardless of labels or even in the complete absence of talismanic phrases in the complaint. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.06; *Diemer* v. *Diemer,* 8 N Y 2d 206; *I. H. P. Corp.* v. *210 Cent. Park South Corp.,* 16 A D 2d 461.) I am also nonplussed by the short shrift made of this plaintiff even though the abortive bits of his examination before trial would never have been admissible in a trial, or in the event of his death. (Richardson, Evidence, [8th ed.], § 501.) And summary judgment is the tantamount of a trial. And I further think he should have been heard out on his theory that the end and aim of his understanding with the defendants was that, in accordance with his brainchild plan, confidentially divulged to the defendants, they would both turn over the Celotex shares to Bruce, after a joint acquisition, and then Bruce would issue a debenture to all participants, resulting in a spectacular profit to the defendants. Actually, the defendants did purchase over 100,000 shares of Celotex, and ultimately there was a Walter-Celotex merger, effected August 31, 1964. Thus, I am not prepared, on this truncated record, to peremptorily conclude that it is not reasonably possible for plaintiff to spell out an equitable cause of action arising out of a breach of confidential relationship, or that proof of the 1964 merger would not have saved plaintiff's action, that being the date that finalized the wrong done him, but concerning which he has been summarily precluded from inquiring. In short, the trouble with this summary judgment is: It is too summary. The plaintiff has been prematurely decapitated. As was said by the late Mr. Justice Matthew Levy in *Bartels* v. *Rubel Corp.* (205 Misc. 673, 675–676 *supra*) : "Under such circumstances, it would be unjust for me to comply with the defendant's request and at this time to dispose of its motion summarily to dismiss the complaint." On these reflections, I would reverse, without prejudice to a renewal on the completion of pretrial maneuvers, pursuant to CPLR 3212 (subd. [f]). (See *Bingham* v. *Wells, Rich, Greene, Inc.,* 34 A D 2d 924; *Golden* v. *Wickhardt Co.,* 33 A D 2d 652; *Rosenthal* v. *Manufacturers Hanover Trust Co.,* 30 A D 2d 650.)