■ RED APPLE SUPERMARKETS, INC., et al., Appellants, v MALONE & HYDE, INC., et al., Respondents. [And a Third-Party Action.] [644 NYS2d 4]

The IAS Court properly granted partial summary judgment in favor of Fleming as against plaintiffs Red Apple and Gristede's since Fleming presented sufficient evidence to eliminate any material issues of fact from the case by irrefutably establishing, by documentary evidence, that these plaintiffs were in default of their payment obligations under the loan documents; that these plaintiffs, as of October 31, 1994, owed Fleming the principal sum of $1,392,732.37, no part of which had been paid; and that plaintiff Apple Companies had failed to honor its payment obligations to Fleming under the guaranty.

The assignment by Fleming of part of the security interest and a portion of the debt to third-party defendant Di Giorgio Corporation was not invalid, because the record reveals the clear intent by Fleming to create a valid and enforceable

assignment to Di Giorgio of both the security interest and the related and existing debt obligation (*see, In re Lee Enters.*, 980 F2d 606; *National City Bank v Schinasi*, 24 Misc 2d 444).

The motion court properly exercised its discretion in granting the order of seizure based upon the determination that the movant had fulfilled the prerequisites of CPLR 7102 (c), by showing probable success on the merits, entitlement to possession of the collateral, that the collateral was wrongfully held and that no claim or defense is known to the movant, and by providing an undertaking acceptable to the court in an amount equal to twice the value of the collateral in compliance with CPLR 7102 (a) and (e).

Section 8.15 of the Loan Agreement, which provides, in pertinent part, that "upon repayment of all indebtedness due under the Note, the security interests granted pursuant hereto shall be terminated", does not create a "condition precedent" requiring the movant to arrange for the return of the collateral prior to plaintiffs' final payment, but rather expressly imposed an obligation upon plaintiffs to pay all amounts owed under the note before being provided with a release of the security (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 112).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.