■ THE MERCHANTS BANK OF NEW YORK, Respondent, v GERALD ITZKOFF et al., Appellants. [767 NYS2d 74]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered May 22, 2003, which, inter alia, granted plaintiff bank's motion for an order of seizure insofar as necessary to recover the sum of $149,000, plus interest, and confirmed a referee's finding that defendants had been properly served pursuant to CPLR 308 (4), and order, same court and Justice, entered July 15, 2003, which, inter alia, amended the prior order to permit the seizure of additional collateral of up to $60,000 to secure plaintiff's claim for legal fees and directed a reference to determine the amount due, unanimously affirmed, with one bill of costs.

Efforts to serve defendants at their place of business and three attempts to serve them at their residence during and after business hours constitute due diligence (CPLR 308 [4]), particularly in view of defendants' failure to inform plaintiff of the relocation of their fur business and the collateral securing the loan. We perceive no basis to disturb the referee's findings as to the process server's credibility. Defendants' default under the note and the provision of the loan agreement for a security

interest in their inventory and a right to possession upon default establish plaintiff's prima facie entitlement to the provisional remedy of seizure (CPLR 7102 [c]; *see Red Apple Supermarkets v Malone & Hyde,* 228 AD2d 176 [1996], *lv dismissed* 89 NY2d 916 [1996]; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617 [1971]; *General Elec. Credit Corp. v Marcella's Appliances Sales & Servs.,* 66 AD2d 927 [1978]), obliging defendants to come forward with evidentiary facts demonstrating "the existence of a triable issue of fact with respect to a bona fide defense" (*Sacco v Sutera,* 266 AD2d 446, 447 [1999]; *see E.D.S. Sec. Sys. v Allyn,* 262 AD2d 351 [1999]). Plaintiff's exercise of its rights under the notes and security agreement does not afford a basis for a claim of bad faith. Finally, the loan agreement expressly secures plaintiff against costs associated with the taking and sale of the collateral, and the court therefore properly modified the order of seizure to secure payment of attorneys' fees and to direct a reference as to the amount thereof (*see Arent Fox Kintner Plotkin & Kahn v Lurzer GmbH,* 297 AD2d 590 [2002]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.