Nissan Motor Acceptance Co. LLC v Adames (2025 NY Slip Op 25174)

[*1]

Nissan Motor Acceptance Co. LLC v Adames

2025 NY Slip Op 25174

Decided on July 30, 2025

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 30, 2025
Supreme Court, Bronx County

Nissan Motor Acceptance Company LLC, Petitioner(s),

against
David Adames, Respondent(s).

Index No. 805500/25E

Petitioner's Counsel: The Stuttman Law Group, P.C.
Respondent never appeared or opposed the motion

Fidel E. Gomez, J.

In this special proceeding solely for an order of seizure, petitioner seeks an order of seizure pursuant to CPLR § 7102 allowing it to obtain possession of a motor vehicle in respondent's possession. Petitioner contends that it is entitled to possession of the foregoing vehicle since respondent breached the agreement assigned to petitioner and pursuant to the agreement, upon respondent's breach, petitioner is entitled to possession of the vehicle. The instant motion is unopposed.
For the reasons that follow hereinafter, petitioner's motion is denied, on default and without opposition.
The instant special proceeding is for an order of seizure. The petition alleges that on October 19, 2023, respondent purchased a vehicle - a 2023 Nissan Ariya - from nonparty Bronx Nissan (BN). In connection with the foregoing purchase, respondent executed a retail installment contract, granting BN a security interest in the vehicle and requiring that respondent make payments to BN towards the purchase of the vehicle. On the foregoing date, BN assigned the agreement between itself and respondent to petitioner. Thereafter, respondent defaulted under the terms of the agreement by failing to make payments due thereunder. Since June 7, 2024, respondent has made no payments under the agreement and owes petitioner $52,997.82. Pursuant to the agreement and UCC 9-609, petitioner is entitled to possession of the vehicle.
Petioner's motion seeking an order of seizure is denied. Significantly, an order of seizure is a provisional remedy incident to a plenary action and, here, petitioner has not commenced a plenary action for the recovery of the vehicle. 
 Standard of Review
Pursuant to CPLR § 7102(a)
[w]hen the plaintiff delivers to a sheriff an order of seizure, the papers on which the order was granted, the undertaking and a summons and complaint bearing the index number and the date of filing with the clerk of the court, in the action to recover the chattel, he shall seize the chattel in accordance with the provisions of the order and without delay.
Pursuant to CPLR §7102(c),
[t]he application for an order of seizure shall be supported by an affidavit which shall clearly identify the chattel to be seized and shall state . . . that the plaintiff is entitled to possession by virtue of facts set forth; . . . that the chattel is wrongfully held by the defendant named; . . . whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them; . . . the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claimed; . . . if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel, the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place; . . . that no defense to the claim is known to the plaintiff; and . . . if the plaintiff seeks an order of seizure without notice, facts sufficient to establish that unless such order is granted without notice, it is probable the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value.
On an application for an order of seizure the proponent must establish a likelihood of success on the merits of its claim for possession and the absence of any valid defense to such claim (TCF Equip. Fin., Inc. v Interdimensional Interiors, Inc., 109 AD3d 898, 899 [2d Dept 2013]; Americredit Fin. Services, Inc. v Decoteau, 103 AD3d 761, 762 [2d Dept 2013]; Siemens Med. Sols. USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C., 100 AD3d 620, 621 [2d Dept 2012]; E. Side Car Wash, Inc. v K.R.K. Capitol, Inc., 102 AD2d 157, 161 [1st Dept 1984]).
An order of seizure "is not a final disposition of a matter but is a pendente lite order made in the context of a pending action where the movant has established, prima facie, a superior right in the chattel." (Americredit Fin. Services, Inc. at 762 [2d Dept 2013]; E. Side Car Wash, Inc. at 161; Merchants Bank of New York v Itzkoff, 1 AD3d 178, 179 [1st Dept 2003]; Staff v Hemingway, 47 AD2d 709, 710 [4th Dept 1975]). 
Accordingly, a reading of the statute evinces that a necessary prerequisite for the issuance of an order of seizure is an underlying plenary action for the recovery of chattel (CPLR § 7201[a] [" When the plaintiff delivers to a sheriff an order of seizure, the papers on which the order was granted, the undertaking and a summons and complaint bearing the index number and the date of filing with the clerk of the court, in the action to recover the chattel, he shall seize the chattel in accordance with the provisions of the order and without delay" [emphasis added].; CPLR § 7201[c][3] ["whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them" [emphasis added].). Indeed, CPLR § 7101 states as much (id. ["An action under this article may be brought to try the right to possession of a chattel."]).
Moreover, in cases where courts have issued orders of seizure they are always incident to a pending action to recover chattel, such as one for replevin (TCF Equip. Fin., Inc. at 899 ["The defendant Interdimensional Interiors, Inc. (hereinafter Interdimensional), leased equipment from the plaintiff pursuant to an equipment lease. After Interdimensional defaulted in making its payments under the lease, the plaintiff commenced this action seeking, inter alia, replevin of the leased equipment and to recover damages for breach of the lease. After commencing the action, [*2]the plaintiff moved for an order of seizure pursuant to CPLR 7102."]; Americredit Fin. Services, Inc. at 762 ["In October 2006, the defendant executed a retail installment contract with an automobile dealer for the purchase of a 2003 Lincoln Town Car. The dealer assigned the contract to the plaintiff. In 2010, the defendant defaulted in making his payments under the contract and the plaintiff accelerated the debt and demanded full payment of the principal plus accrued interest. When the defendant did not tender payment, the plaintiff commenced this action seeking, inter alia, replevin of the vehicle and to recover damages for breach of the retail installment contract."]; Siemens Med. Sols. USA, Inc. at 620 ["The defendant Magnetic Resonance Imaging Associates of Queens, P.C. (hereinafter MRI Associates), leased medical equipment from the plaintiff pursuant to three leases. After MRI Associates defaulted in making its payments under the leases, the plaintiff commenced this action seeking, inter alia, replevin of the leased equipment and to recover damages for breach of the leases."]).

Discussion
In support of this motion, petitioner submits the petition, which evinces that this action is solely for possession of the vehicle in respondent's possession.
Petitioner submits an affirmation by Allison Edmond (Edmond), a Supervisor employed by petitioner, wherein she incorporates several documents appended to her affirmation by reference and reiterates the allegations in the petition.
Petitioner submits the agreement - a simple interest retail installment contract with arbitration clause - between respondent and BM. The agreement is dated October 19, 2023 and states that in order to purchase a 2023 Nissan Airya, respondent financed $53,371.92 from BM and was obligated to repay the foregoing sums via monthly installments each totaling $995.62 and beginning on December 3, 2023. Pursuant to section A of the agreement, respondent was required to make the monthly payments under the agreement. Per section F of the agreement, upon default by respondent, BM was authorized "to take possession of the vehicle." The agreement also states that it was sold to petitioner immediately upon its execution.
Based on the foregoing, the instant application for an order of seizure is denied.
As noted above, a reading of CPLR § 7201(a) evinces that a necessary prerequisite for the issuance of an order of seizure is an underlying plenary action for the recovery of chattel (CPLR § 7201[a] [" When the plaintiff delivers to a sheriff an order of seizure, the papers on which the order was granted, the undertaking and a summons and complaint bearing the index number and the date of filing with the clerk of the court, in the action to recover the chattel, he shall seize the chattel in accordance with the provisions of the order and without delay" [emphasis added].; CPLR § 7201[c][3] ["whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them" [emphasis added].). Indeed, CPLR § 7101 states as much (id. ["An action under this article may be brought to try the right to possession of a chattel."]).
Moreover in cases where courts have issued orders of seizure they are incident to a pending action to recover chattel, such as one for replevin (TCF Equip. Fin., Inc. at 899 ["The defendant Interdimensional Interiors, Inc. (hereinafter Interdimensional), leased equipment from the plaintiff pursuant to an equipment lease. After Interdimensional defaulted in making its payments under the lease, the plaintiff commenced this action seeking, inter alia, replevin of the leased equipment and to recover damages for breach of the lease. After commencing the action, [*3]the plaintiff moved for an order of seizure pursuant to CPLR 7102."]; Americredit Fin. Services, Inc. at 762 ["In October 2006, the defendant executed a retail installment contract with an automobile dealer for the purchase of a 2003 Lincoln Town Car. The dealer assigned the contract to the plaintiff. In 2010, the defendant defaulted in making his payments under the contract and the plaintiff accelerated the debt and demanded full payment of the principal plus accrued interest. When the defendant did not tender payment, the plaintiff commenced this action seeking, inter alia, replevin of the vehicle and to recover damages for breach of the retail installment contract."]; Siemens Med. Sols. USA, Inc. at 620 ["The defendant Magnetic Resonance Imaging Associates of Queens, P.C. (hereinafter MRI Associates), leased medical equipment from the plaintiff pursuant to three leases. After MRI Associates defaulted in making its payments under the leases, the plaintiff commenced this action seeking, inter alia, replevin of the leased equipment and to recover damages for breach of the leases."]).
Here, the instant proceeding is the only action initiated by petitioner and there is no evidence that there is a pending plenary action pursuant to CPLR § 7201 or for replevin. As such, the relief sought cannot be granted and this motion must be denied. 
Indeed, if the Court were to grant the instant application, this action would be over, petitioner would repossess the vehicle, and because there is no pending action to litigate whether respondent defaulted under the terms of the agreement, respondent would never be given an opportunity to litigate the merits of petitioner's claims. Thus, had there ben a plenary action, resolution of the ultimate merits of petitioner's claims would have been resolved later. For this reason, that respondent could have interposed an answer to the petition, opposed the instant motion, and chose not to, does not avail petitioner. Again, an order of seizure is merely a provisional remedy, where the relief sought by petitioner could have been granted if it merely established a likelihood of success on the merits and such order is not and cannot be a substitute for the on-the-merits resolution of an action between parties. It is hereby
ORDERED that this action be dismissed. It is further
ORDERED that petitioner serve a copy of this Decision and Order with Notice of Entry upon respondent within thirty (30) days hereof.
This constitutes this Court's decision and Order.
Dated: 7/30/25
HON. FIDEL E. GOMEZ, JSC